ELMORE v ELLIS

Docket No. 53599. Submitted October 19, 1981, at Detroit.—Decided
    April 23, 1982.

Connie Elmore brought a paternity action against Jonathan Ellis,
    and following a jury verdict in her favor an order of filiation
    was entered, Wayne Circuit Court, Victor J. Baum, J. The
    defendant appeals, alleging that the trial court erred in deny-
    ing defendant's request that a witness not included in the list
    of defense witnesses be allowed to testify. *Held:*

1. The court rule, applicable only in Wayne County, preclud-
    ing the calling at trial of a witness who was not listed in a
    pretrial exchange of witness lists does not conflict with the
    provisions of the Paternity Act and is therefore applicable to a
    paternity proceeding.

2. Despite the applicability of the court rule to the proceed-
    ings the trial court erred by not allowing the witness to testify.
    The defendant wished to call the witness to rebut testimony of
    plaintiff's witness which defendant alleged was a fabrication
    and came as a surprise. Preclusion of the rebuttal witness's
    testimony was an abuse of discretion.

Reversed and remanded.

1. Children Born out of Wedlock — Paternity Act.

The purpose of the Paternity Act is to provide support for
    children born out of wedlock (MCL 722.711 *et seq.;* MSA 25.491
    *et seq.).*

2. Children Born out of Wedlock — Paternity — Rights of
    Defendant.

A paternity proceeding is quasi-criminal in nature, affording the
    defendant putative father some of the rights of criminal defen-
    dants, but he is not extended the full panoply of rights afforded
    criminal defendants.

References for Points in Headnotes
[1] 10 Am Jur 2d, Bastards § 74 *et seq.*
[2] 10 Am Jur 2d, Bastards § 75.
[3] 20 Am Jur 2d, Courts § 86.
[4] 81 Am Jur 2d, Witnesses § 74.

3. Children Born out of Wedlock — Paternity Act — Court Rules.

   The provisions of the Paternity Act control over the General Court Rules where there is a direct conflict between them (GCR 1963, 730.1).

4. Witnesses — Court Rules — Paternity Act.

   A court rule, applicable only in Wayne County, requiring attorneys to exchange lists of prospective witnesses and limiting the witnesses called at trial to those listed is not in conflict with the provisions of the Paternity Act and therefore applies to paternity proceedings; however, a trial court's decision whether to permit a witness to testify where a party fails to comply with the rule is a matter of discretion, and a trial court should not be reluctant to allow unlisted witnesses, especially rebuttal witnesses, to testify when the interest of justice so requires (GCR 1963, 301.10).

*Vicky W. Buckfire,* for defendant on appeal.

Before: T. M. Burns, P.J., and M. F. Cavanagh and R. A. Benson,* JJ.

Per Curiam. Following a jury trial and verdict in favor of plaintiff in her paternity action against defendant, the trial court entered a judgment and order of filiation against defendant. After denying a motion for new trial, the court entered an amended order of filiation wherein defendant was ordered to pay $30 per week support for the parties' minor child and to pay the cost of plaintiff's confinement in connection with the birth of the child. After a second motion for new trial was denied, defendant filed an application for delayed appeal which was granted by this Court.

Defendant's appeal arises out of the trial court's denial of defendant's request that a defense witness not included in the witness list pursuant to GCR 1963, 301.10 be allowed to testify. Defendant first contends that GCR 1963, 301.10 does not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

apply to proceedings under the Michigan Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* and second, that if GCR 1963, 301.10 does aply in paternity proceedings, the trial court erred in its exercise of discretion by excluding the testimony of the defendant's witness.

The purpose of the Michigan Paternity Act is to provide support for children born out of wedlock. *Tuer v Niedoliwka,* 92 Mich App 694; 285 NW2d 424 (1979), *Smith v Robbins,* 91 Mich App 284; 283 NW2d 725 (1979), *Boyles v Brown,* 69 Mich App 480; 245 NW2d 100 (1976).

The nature of a paternity proceeding is both civil and criminal. These proceedings are "quasi-criminal", affording the defendant some criminal defendants' rights such as the right to a jury trial, the right to appointed counsel, and protection against double jeopardy, but a paternity proceeding defendant is not extended the full panoply of criminal defendants' rights. *Smith v Robbins, supra.*

Defendant contends that § 5 of the Paternity Act is in direct conflict with GCR 1963, 301.10. GCR 1963, 301.10 reads as follows:

".10 Notice of Pretrial and Witness List. *[GCR 301.10 applies in Wayne County only.]* Notice of pretrial conference shall be forwarded by the court to all counsel of record at least 6 weeks prior to the date of such conference. Within 10 days after receipt of such notice, counsel shall exchange lists of all witnesses to be called at the trial. No witness may be called at the trial of the case unless listed in such exchange of witnesses, except by leave granted upon a showing of good cause."

MCL 722.715; MSA 25.495 reads as follows:

"Sec. 5. (a) Both the mother and the alleged father

shall be competent to testify, but the alleged father shall not be compelled to testify, and if either gives evidence he or she shall be subject to cross examination. * * *"

Defendant asserts that any conflict between these two provisions must be resolved in favor of the Paternity Act. He relies upon this Court's opinion in *Pridemore v Williams,* 90 Mich App 483; 282 NW2d 363 (1979), where this Court held that a putative father may not be compelled to answer interrogatories propounded by the plaintiff-mother because, pursuant to GCR 1963, 730.1, this would be tantamount to compelling defendant to testify against himself, which is expressly forbidden by § 5 of the Paternity Act. This Court in *Pridemore* held that where there is a direct conflict between the General Court Rules and the Paternity Act, the latter controls and that the General Court Rules governing the submission and answering of interrogatories, GCR 1963, 309 and 313, respectively, were inapplicable in paternity actions. *Pridemore, supra,* 488.

In criminal cases, the defendant must file a notice of alibi and a list of alibi witnesses. MCL 768.20; MSA 28.1043. A paternity defendant is not subject to a similar requirement. *Skidmore v Czapiga,* 82 Mich App 689; 267 NW2d 150 (1978), *lv den* 403 Mich 810 (1978).

We are persuaded, however, that neither of the above cases compels a conclusion that GCR 1963, 301.10 conflicts with the Paternity Act. GCR 1963, 301.10 is directed to counsel and requires counsel to exchange a list of all witnesses to be called at trial. The Paternity Act contains no conflicting provisions. *Pridemore v Williams, supra.* Furthermore, GCR 301.10 does not conflict with the "alibi" statute. The fact that the requirements of GCR

1963, 301.10 may conflict with the intended results of this Court's decision in *Skidmore v Dzapiga, supra,* is of no consequence. The Supreme Court is charged with the responsibility of establishing the General Court Rules. Const 1963, art 6, § 4. Under GCR 1963, 730.1, the Supreme Court has determined that the General Court Rules apply to paternity proceedings unless they conflict with the provisions of the Paternity Act. As noted above,no conflict exists between GCR 1963, 301.10 and the Paternity Act. Therefore, we hold that GCR 1963, 301.10 applies to paternity proceedings.

Despite our resolution of the first issue, we are persuaded that the trial court's refusal to permit the witness to testify was error. A trial court's decision whether to permit a witness to testify where a party fails to comply with GCR 1963, 301.10 is largely a matter of discretion. *Banks v Wittenberg,* 82 Mich App 274, 277; 266 NW2d 788 (1978), *Dehring v Northern Michigan Exploration Co, Inc,* 104 Mich App 300, 321; 304 NW2d 560 (1981).

The plaintiff presented the testimony of Mrs. Black, who testified that defendant and plaintiff had engaged in sexual intercourse at the home of Mrs. Black and her former spouse, Robert Ellis. Defendant argued that Mrs. Black fabricated her testimony and that her testimony was a complete surprise. Defendant proposed to call Robert Ellis, the unlisted witness, to rebut Mrs. Black's testimony. Since defendant claimed that the testimony of Mrs. Black was fabricated and came as a surpirse, it was impossible for him to anticipate the need to call Robert Ellis for rebuttal purposes. Trial courts should not be reluctant to allow unlisted witnesses to testify when the interest of justice so requires. This is especially so with re-

gard to rebuttal witnesses. The trial court here easily could have limited the testimony from defendant's proposed witness. We find that the complete preclusion of the proposed testimony on so fundamental a point was an abuse of discretion. Accordingly we reverse and remand.