POLLUM v BORMAN'S, INC

Docket No. 83296. Submitted November 20, 1985, at Detroit.—Decided February 4, 1986.

Plaintiffs, Mary Ann and Owen Pollum, filed a complaint in the Wayne Circuit Court alleging that defendants, Borman's, Inc., and Ross Properties, Inc., had caused personal injuries to Mary Ann Pollum and loss of consortium to Owen Pollum. The defendant admitted full liability for Mary Ann Pollum's injuries and the jury trial addressed only the issue of damages. The jury awarded $55,000 to Mary Ann Pollum and $2,500 to Owen Pollum. Pursuant to this jury verdict, the court, Susan D. Borman, J., entered a judgment against defendants in the amount of $57,500 (plus $17,387 interest and costs). Defendants appealed, alleging that the trial judge abused her discretion in allowing an unlisted expert witness to testify without a showing of good cause for the omission of the witness from the witness list. *Held:*

A trial court's decision whether to allow an unlisted witness to testify is a matter of discretion and is reviewed under the abuse of discretion standard. The witness was an expert who based his opinion upon a highly controversial procedure. The trial court abused its discretion in allowing the witness to testify without a showing of good cause for his omission from the witness list.

Reversed.

WITNESSES — APPEAL.

A trial court's decision whether to allow an unlisted witness to testify is a matter of discretion and is reviewed under the abuse of discretion standard.

*Law Office of Samuel I. Bernstein* (by *Michael L. Battersby),* for plaintiff.

REFERENCES

Am Jur 2d, Witnesses §§ 74.

See the annotations in the ALR3d/4th Quick Index under Witnesses.

*Hibbs, Welsh & MacAlpine, P.C.* (by *Robert F. MacAlpine* and *Karen Russell),* for defendants.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiffs, Mary Ann and Owen Pollum, filed a complaint in the Wayne County Circuit Court alleging that defendants, Borman's, Inc., and Ross Properties, Inc., had caused personal injuries to Mary Ann Pollum and loss of consortium to Owen Pollum. The defendants admitted full liability for Mary Ann Pollum's injuries and the jury trial addressed only the issue of damages. The jury awarded $55,000 to Mary Ann Pollum and $2,500 to Owen Pollum. Pursuant to this jury verdict, the trial judge entered a judgment against defendants in the amount of $57,500 (plus $17,387 interest and costs). Borman's, Inc., appealed.

The only issue on appeal is whether the trial judge abused her discretion in allowing an unlisted expert witness to testify without a showing of good cause for the omission of the witness from the witness list.

Dr. Donald L. Newman was not listed as a witness. His testimony constituted the majority of the evidence on damages in the case.

Dr. Newman used a complex procedure called thermography to identify the areas where plaintiff suffered from chronic pain. Thermography is used as a safe procedure in evaluating painful conditions. Thermographs are heat pictures of the body surface of a patient. They are analogous to satellite weather maps used on T.V. The thermograph photos assign different colors to different ranges of heat on the body surface. Dr. Newman compares these colored heat photographs for symmetrical

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parts of the body (e.g., right and left hand or arm). Differences in temperature between these symmetrical body parts, revealed in the thermograph, allow Dr. Newman to diagnose the location of painful conditions. The thermograph process is currently used as a diagnostic tool in several major teaching institutions, including Wayne State University at the Harper Grace Hospitals and the University of Michigan at the Upjohn Pain Clinic.

Dr. Newman performed a thermographic evaluation of the plaintiff on January 13, 1984. Based on his training in thermography, and the thermographic photos of the plaintiff, Dr. Newman concluded that plaintiff suffered painful conditions in the left elbow and the right ankle. These were the body areas affected by the fall on defendant's sidewalk on September 30, 1981. Dr. Newman went on to conclude that the pain he diagnosed in the plaintiff's joints was the result of traumatic arthritis. Traumatic arthritis is a permanent condition which will continue to afflict the plaintiff in varying degrees, depending on how much she uses the joints.

Plaintiff's counsel relied on Dr. Newman's testimony on thermography in his closing argument and based his claim for future damages of $262,-000 on Dr. Newman's diagnosis. Defense counsel spent a significant amount of time in closing argument attempting to discredit Dr. Newman's testimony.

Per GCR 1963, 301.10, which applied to Wayne County Circuit Court at the time of this trial and during pretrial procedures, no witness may be called at the trial unless listed in a prior exchange of witnesses, except by leave granted upon a showing of good cause.

On March 8, 1983, plaintiffs filed their witness list. On November 22, 1983, and July 10, 1984,

plaintiffs filed amended witness lists. These lists included six doctors. Dr Donald L. Newman was not listed.

On July 25, 1984, the defendants filed and served supplemental interrogatories concerning the testimony of four doctors on plaintiffs' amended witness list. The interrogatories were addressed to ascertaining the expected testimony of these witnesses. The plaintiffs answered these interrogatories on October 1, 1984. Plaintiffs' answers indicated that none of the four doctors listed as witnesses had examined plaintiff or prepared a report on her condition. The answers failed to indicate that Dr. Donald Newman had examined and prepared a report on plaintiff's condition as of January 13, 1984.

Based on these answers to their interrogatories, the defendants decided not to have the plaintiff examined by their own expert. They decided expert testimony on the issue of future damages (specifically the traumatic arthritis alleged in the plaintiffs' complaint) was not necessary. This conclusion was especially supported by the deposition testimony of Dr. Palmer, which was favorable to defendants on the issue of traumatic arthritis. However, the parties in this case subsequently went through a mediation process. In making their claim to the mediator, plaintiffs, on November 19, 1984, served a Mediation Summary on the defendants. This summary included Dr. Donald Newman's report on his examination of the plaintiff.

The trial in this case was begun January 7, 1985. The first witness called by plaintiffs was Dr. Donald Newman. Before Dr. Newman took the witness stand, defendants' counsel objected to the court that he had been unaware of plaintiffs' use of Dr. Newman as a witness until 9 a.m. that morning. Defendants moved to strike the unlisted

expert witness, Dr. Newman, since they had not prepared for this expert testimony on future damages.

The circuit court judge inquired into the witness list, interrogatories, and Dr. Newman's report included in plaintiffs' mediation summary as discussed above. The court found that the plaintiffs' answers to the interrogatories misled defendants. However, the court concluded that Dr. Newman's report in plaintiffs' mediation summary put defendants on notice, two months prior to trial, that Dr. Newman would testify at trial. The court denied defendants' motion to strike or limit the testimony of the unlisted witness.

GCR 1963, 301.10, which applies to Wayne County Circuit Court, states:

"Notice of Pretrial and Witness List. Notice of pretrial conference shall be forwarded by the court to all counsel of record at least 6 weeks prior to the date of such conference. Within 10 days after receipt of such notice, counsel shall exchange lists of all witnesses to be called at the trial. No witness may be called at the trial of the case unless listed in such exchange of witnesses, except by leave granted upon a showing of good cause."

Thus, the circuit court judge in this case had to find that there was good cause for the plaintiffs' failure to list Dr. Newman as a witness. The parties agree that the decision of whether to allow a witness to testify is a matter of discretion for the circuit court. Thus, the proper standard of appellate review of such a circuit court decision is an "abuse of discretion" standard. *Elmore v Ellis*, 115 Mich App 609, 613-614; 321 NW2d 744 (1982); *Harper v National Shoes, Inc*, 98 Mich App 353, 356; 296 NW2d 1 (1979).

Dr. Newman is not merely an eyewitness who can clearly help in the pursuit of truth at trial.

Thermography, the basis of his expert opinion on plaintiff's arthritic condition, is a highly controversial procedure. The pursuit of truth at trial would have been substantially improved if the defense had been afforded a chance to prepare to challenge this expert testimony with an effective cross-examination or expert witness of their own. The allowance of a deposition-type procedure the evening before Dr. Newman's testimony to the jury, and the opportunity for defendants to find an expert witness in two days, is not adequate to properly address this fundamental issue of future damages.

The fact that defendants were on notice as to Dr. Newman's report two months before trial is not analogous to the 2½ year notice of the existence of an eyewitness in *Harper.* Dr. Newman's report did not clearly state his conclusions on the plaintiff's arthritic condition. It merely stated that a thermography procedure was performed and that plaintiff experiences chronic pain. Furthermore, 10 months after Dr. Newman made his report, the plaintiffs answered interrogatories denying that any of its listed expert witnesses had examined or prepared a report on plaintiff's condition. Defendants were justified beyond the facts in *Harper* in relying on this answer to an interrogatory concerning plaintiff's strategic decision on expert testimony.

The decision of the circuit court judge fundamentally impaired the defendants' ability to present their side of the issue. The pursuit of the truth on the issue of plaintiff's future damages resulting from her fall was fundamentally impaired when the court allowed Dr. Newman to testify without being listed or otherwise disclosed as a witness. The circuit court judge should have delayed the trial in order to allow the defense to meet Dr. Newman's surprise testimony on this basic issue

which constituted approximately 84% of the plaintiff's alleged damages.

We conclude that the decision of the circuit court judge, allowing an unlisted expert witness to testify without an adequate explanation by plaintiffs as to why Dr. Newman was not listed as a witness and was not revealed in answers to defendants' interrogatories, constituted an abuse of discretion.

Reversed and remanded for a new trial.