PASTRICK v GENERAL TELEPHONE COMPANY OF MICHIGAN

Docket No. 92080. Submitted June 17, 1987, at Grand Rapids. Decided
    August 4, 1987.

>    Wayne and Carol Pastrick brought an action in the St. Joseph
>    Circuit Court against General Telephone Company and Sub-
>    Surface Construction Company. At trial, plaintiffs sought to
>    introduce the testimony of an undisclosed rebuttal witness. The
>    court, James P. Noecker, J., determined that the witness could
>    testify subject to certain conditions to alleviate any prejudice to
>    defendants. Plaintiffs did not accept the conditions and the
>    witness did not testify. Judgment was entered on a verdict for
>    defendants. Plaintiffs appealed.
>
>    The Court of Appeals *held:*
>
>    A trial court may in its discretion permit an undisclosed
>    witness to testify in rebuttal only subject to reasonable condi-
>    tions to prevent prejudice to the opposing party.
>
>    Affirmed.

WITNESSES — UNDISCLOSED WITNESSES — REBUTTAL WITNESSES.

>    A trial court may in its discretion permit an undisclosed witness
>    to testify in rebuttal only subject to reasonable conditions to
>    prevent prejudice to the opposing party.

*Gergely, Rosehagen & Mequio, P.C.* (by *Thomas H. Rosehagen*), for plaintiffs.

*Piatt, Bartosiewicz & Tiderington* (by *Ron W. Kimbrel*), for defendants.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 16 *et seq.*

Am Jur 2d, Witnesses §§ 4, 74.

Identity of witness whom adverse party plans to call to testify at
    civil trial, as subject of pretrial discovery. 19 ALR3d 1114.

Per Curiam. In this action, plaintiffs granted defendant General Telephone Company of Michigan a right of way across their property for the placement of underground telephone cables. By the terms of the agreement, defendant General Telephone retained responsibility for damages suffered by plaintiffs from the installation or maintenance of the underground cables.

Defendant General Telephone subcontracted the trench-digging work to defendant Sub-Surface Construction Company. Plaintiffs allege that the trench digging caused serious vibrations in their home resulting in damage to their ceilings and stonework. Defendants attempted to cure the problems, but to no avail. Plaintiffs thereafter filed the instant action to recover damages from General Telephone for breach of contract and Sub-Surface Construction for negligence.

At trial, defendants in their case in chief introduced evidence concerning the soil composition of the excavation site and its relation to the conduction of vibration. Following this testimony, plaintiffs retained a geologist. The geologist took soil borings from the site and analyzed the soil composition. Plaintiffs sought to offer the geologist as a rebuttal witness. Defendants objected for the reason that the geologist had not been listed as a witness on plaintiffs' witness list. Defendants further objected that permitting the "surprise" witness to testify would prejudice defendants as they had the opportunity neither to depose the geologist nor to retain their own expert.

The trial court determined that plaintiffs' expert could testify, subject to certain conditions to alleviate any prejudice to defendants. First, defendants were to be given an opportunity to interview the witness in preparation for cross-examination. Second, defendants would be given a fair opportunity

to secure an expert of their own. Defendants accepted the conditions, but plaintiffs did not. Thus, no time frame was established for meeting the trial court's conditions and plaintiffs' expert did not testify.

The case was submitted to the jury, which returned a verdict in favor of defendants. A judgment was entered accordingly. Plaintiffs now appeal, raising as their sole issue the propriety of the trial court's placing the above-mentioned conditions on plaintiffs' use of the expert witness in rebuttal. We affirm.

The decision whether to allow an undisclosed witness to testify is a matter within the trial court's discretion. *Elmore v Ellis,* 115 Mich App 609, 613; 321 NW2d 744 (1982); *Dehring v Northern Michigan Exploration Co, Inc,* 104 Mich App 300, 321; 304 NW2d 560 (1981). Trial courts should not be reluctant to allow unlisted witnesses to testify where justice so requires, particularly with regard to rebuttal witnesses. *Elmore, supra* at 613-614.

We are not aware of any decisions addressing the propriety of allowing the testimony of an undisclosed witness on rebuttal only upon the meeting of certain conditions. However, we do find this Court's decision in *Pollum v Borman's, Inc,* 149 Mich App 57; 385 NW2d 724 (1986), to be helpful. In *Pollum,* the trial court allowed plaintiffs to present the testimony of an undisclosed expert witness during their case in chief. This Court reversed, concluding that the trial court's decision "fundamentally impaired the defendants' ability to present their side of the issue." *Id.* at 62. The *Pollum* Court went on to state what the trial court should have done to prevent prejudice to the defendants:

The circuit court judge should have delayed the trial in order to allow the defense to meet [the undisclosed witness'] surprise testimony on this basic issue which constituted approximately 84% of the plaintiff's alleged damages. [*Id.* at 62-63.]

While the *Pollum* Court was not directly faced with the question of the propriety of setting conditions on granting leave to permit an undisclosed witness to testify, it clearly indicated that, had the trial court in that case set appropriate conditions, reversal would have been avoided. We concur in the reasoning of the *Pollum* Court.

Justice is not served by merely restricting a trial judge's decision in such a case to permitting or not permitting an undisclosed witness to testify. Rather, we believe that justice is best served where an unlisted witness can be permitted to testify while the interests of the opposing party are adequately protected. If reasonable conditions can allow the testimony of the undisclosed witness to be admitted without prejudice to the opposing parties, then we see nothing wrong with permitting the witness to testify subject to those conditions. No party is prejudiced and the jury is afforded a fuller development of the facts surrounding the case.

For the above reasons, we hold that a trial court may, within its discretion, permit an undisclosed witness to testify on rebuttal subject to reasonable conditions. In the case at bar, the trial court's conditions of permitting defendants an opportunity to interview the undisclosed witness and to secure their own expert were reasonable.[1] Therefore, we

[1] Of course, a review of the reasonableness of the conditions set by a trial court would also normally include the timetable for meeting the conditions. However, in the case at bar, plaintiffs abandoned their pursuit of using an expert witness prior to the trial court's setting a timetable. Therefore, we can only assume that the trial court would

find no abuse of discretion by the trial court in allowing the rebuttal witness to testify subject to the conditions.

Affirmed. Costs to defendants.

have set a reasonable time for the interviewing of the witness and the securing of an expert.