BUTT v GIAMMARINER

Docket No. 97253, 105650. Submitted May 4, 1988, at Detroit. Decided September 13, 1988.

Gloria and Norman Butt filed suit against Samuel F. Giammariner in Macomb Circuit Court seeking damages for injuries sustained by Gloria Butt when she slipped on a patch of ice covered by light snow on a sidewalk outside an apartment building owned by defendant. The jury found that defendant was not negligent and judgment was entered, John B. Bruff, J. Plaintiffs filed two appeals, one from the judgment entered consistent with the jury's verdict as well as the trial court's order denying plaintiffs' motion for a new trial or a judgment notwithstanding the verdict and the other from the trial court's order granting defendant costs and attorney fees. The appeals have been consolidated.

The Court of Appeals held:

1. The trial court did not abuse its discretion in allowing defendant to add a private investigator to his witness list nor in allowing that witness to testify during rebuttal for the purpose of impeaching plaintiff Gloria Butt's testimony and for laying a foundation for the introduction of videotape evidence of plaintiff doing things she testified she could not do.

2. The fact that the private investigator was allowed to testify did not violate the trial court's pretrial conference summary order which provided that discovery was to end ninety days after the pretrial conference. Defendant could not have disclosed the private investigator's name on his original witness list and, therefore, could properly bring a motion to add the investigator to his witness list at the time of trial.

3. The trial court did not err in denying plaintiffs' motions

REFERENCES

Am Jur 2d, Costs § 91.

Am Jur 2d, Judgments §§ 106 et seq.

Am Jur 2d, Witnesses § 505.

Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions. 69 ALR2d 449.

for a directed verdict or a judgment notwithstanding the verdict.

4. The trial court did not err in awarding defendant attorney fees and costs under MCR 2.405(D).

Affirmed.

1. WITNESSES — TRIAL.

There was no abuse of discretion in a trial court's decision to allow a defendant to add a private investigator to his witness list after trial began where the investigator had secured evidence favorable to the defendant after the expiration of the period provided for discovery, the plaintiffs were allowed to voir dire and cross-examine the witness and to present testimony in rebuttal, and defendant could not have disclosed the witness' name on his original witness list.

2. MOTIONS AND ORDERS — DIRECTED VERDICT — JUDGMENT NOTWITHSTANDING THE VERDICT — APPEAL.

The standard for the Court of Appeals in reviewing the denial of a motion for a directed verdict or for judgment notwithstanding the verdict is that the testimony and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to the nonmoving party; if there are material issues of fact upon which reasonable minds could differ, the matter is one properly submitted to the jury since neither the trial court nor the Court of Appeals has the authority to substitute its judgment for that of the jury.

3. COSTS — MEDIATION — ATTORNEY FEES — COURT RULES.

A party who prevails in a circuit court action which proceeded to trial after the opposing party rejected a mediation panel's evaluation may file a bill for actual costs, including attorney fees, within a reasonable time after entry by the court of the judgment on the verdict; there is no requirement that a party wait until all appeals are exhausted before seeking costs since the procedures for taxing costs outlined in MCR 2.625 do not govern the determination of actual costs under MCR 2.405.

*Nunneley, Hirt & Rinehart, P.C.* (by *Thomas D. Rinehart*), for plaintiffs.

*Hayduk, Dawson, Andrews & Hypnar, P.C.* (by *Robin K. Andrews* and *Alice M. Rhodes*), for defendant.

Before: GILLIS, P.J., and MURPHY and H. R. GAGE,* JJ.

PER CURIAM. Plaintiff Gloria Butt sued defendant for damages sustained when she slipped on a patch of ice covered by light snow on a sidewalk outside of defendant's apartment building. Plaintiff Norman Butt sought damages for loss of consortium. The jury found that defendant was not negligent. In Docket No. 97253, plaintiffs appeal as of right from the judgment entered consistent with the jury's verdict as well as the trial court's order denying plaintiffs' motion for a new trial or a judgment notwithstanding the verdict. In Docket No. 105650, plaintiffs appeal as of right from the trial court's order granting defendant costs and attorney fees pursuant to MCR 2.405(D). We affirm.

Plaintiffs first claim that the trial court abused its discretion when it allowed defendant to add Robert MacPhee, a private investigator, to his witness list. At trial, Gloria Butt (hereinafter plaintiff in the singular refers to Gloria Butt) testified that she could not walk without a limp and the aid of a cane, wear heels beyond a certain length, and perform certain chores. Defense counsel hired MacPhee to videotape plaintiff's activities in Arizona. The tape showed plaintiff walking in high heels without the use of a cane, going grocery shopping, driving a car and unloading groceries therefrom. Photographs taken from the videotape were also introduced. We hold that the trial court did not abuse its discretion when it allowed MacPhee to testify during rebuttal for the purpose of impeaching plaintiff's testimony and for laying a foundation for the introduction of the videotape. Cf. *Pastrick v General Telephone Co of Michigan,*

* Circuit judge, sitting on the Court of Appeals by assignment.

162 Mich App 243; 412 NW2d 279 (1987); *McMid-dleton v Otis Elevator Co,* 139 Mich App 418, 422-427; 362 NW2d 812 (1984), modified 424 Mich 862 (1985); *Elmore v Ellis,* 115 Mich App 609; 321 NW2d 744 (1982). We believe that *Pollum v Bor-man's, Inc,* 149 Mich App 57; 385 NW2d 724 (1986), the case relied on by plaintiffs, is distinguishable because plaintiffs in this case were allowed to voir dire and cross examine MacPhee and given the opportunity to present plaintiff's testimony in rebuttal. While the trial court did not allow any other witnesses in rebuttal, plaintiffs did not offer any other witnesses or ask for a continuance to procure such witnesses. In fact, we agree with defendant that, while plaintiffs' counsel may have been surprised by the videotape evidence, plaintiff undoubtedly knew what her capabilities were.

Plaintiffs further claim that allowing MacPhee to testify violated the trial court's July 25, 1984, pretrial conference summary order which provided:

> Lists of witnesses necessary for discovery shall be exchanged within thirty (30) days from date of pretrial conference. Any additional witnesses shall be disclosed within thirty (30) days following close of discovery.
>
> * * *
>
> Last-minute motions on day of trial will not be entertained except for good cause shown.

Discovery was to end ninety days after the pretrial conference. Plaintiffs filed their witness list on October 26, 1984. Defendant filed his witness list on December 12, 1984. On January 3, 1985, plaintiffs filed their amended witness list to reflect the witnesses listed by defendant. On April 11, 1985,

plaintiff was deposed and, on April 25, 1985, Mac-Phee made his videotape. On July 17, 1985, plaintiff was deposed again and questioned about the extent of her injuries. Trial began on Friday, September 12, 1986. On the following Tuesday, when trial resumed, defendant moved to add Mac-Phee to his witness list. We fail to see how defendant violated the court's pretrial conference summary order. Defendant could not have disclosed MacPhee's name on his original witness list and, therefore, could properly bring a motion to add MacPhee to his witness list at the time of trial.

Plaintiffs also claim that the trial court erred when it denied their motions for a directed verdict or a judgment notwithstanding the verdict. In reviewing a trial court's denial of a motion for a directed verdict or judgment notwithstanding the verdict, we examine the testimony and all legitimate inferences that may be drawn therefrom in the light most favorable to the nonmoving party. *In re Leone Estate,* 168 Mich App 321, 324; 168 NW2d 352 (1988). If there are material issues of fact upon which reasonable minds could differ, the matter is one properly submitted to the jury. *Id.* If reasonable jurors could disagree, neither this Court nor the trial court has the authority to substitute its judgment for that of the jury. *Id.* Having reviewed the entire record in this case, we cannot say that the trial court erred when it denied plaintiffs' motions.

Plaintiffs next claim that the trial court erred when it awarded defendant attorney fees and costs under MCR 2.405(D). Although plaintiffs' failure to provide this Court with a transcript of the lower court proceeding could be treated as a waiver of the issues raised by plaintiffs, we believe that the issues may be reviewed because the trial court's opinion provides a sufficient basis for us to do so.

See, e.g., *Kingston v Markward & Karafilis, Inc,*
134 Mich App 164, 176; 350 NW2d 842 (1984), lv
den 422 Mich 947 (1985).

Plaintiffs first claim defendant was not entitled
to tax costs until after this appeal was decided
because defendant could not yet be deemed a
prevailing party under MCR 2.625(A)(1). We agree
with defendant that the procedures outlined in
MCR 2.625 should not govern the determination of
actual costs under MCR 2.405(D). Cf. *Fairway
Enterprises, Inc v Na-Churs Plant Food Co,* 163
Mich App 497; 415 NW2d 257 (1987), lv den 430
Mich 875 (1988); *Giannetti Bros Construction Co,
Inc v Pontiac,* 152 Mich App 648; 394 NW2d 59
(1986), lv den 426 Mich 869 (1986). MCR 2.405 does
not require that a party wait until all appeals are
exhausted before a party is entitled to seek costs.
It merely requires that the adjusted verdict be
more favorable to the offeror than the average
offer. This condition having been met, defendant
was entitled to costs. We note that plaintiffs have
protected themselves from paying defendant's
costs until the appellate process is concluded by
obtaining a stay of proceedings.

Plaintiffs also claim that defendant was not
entitled to costs because defendant's insurer actu-
ally paid for the expenses of litigation. Plaintiffs
claim that, in effect, the trial court impermissibly
awarded costs to a nonparty, defendant's insurer.
We note that plaintiffs' reliance on the definitions
contained in MCL 600.2421b; MSA 27A.2421(2) is
misplaced.  MCL 600.2421a-600.2421g; MSA
27A.2421(1)-27A.2421(7).  Moreover, while defen-
dant's insurer actually incurred trial expenses, we
agree with the trial court that the insurer acted as
defendant's agent and, therefore, the trial court

could properly award defendant expenses necessitated by plaintiffs' failure to stipulate to entry of judgment. MCR 2.405(A)(6) and (D)(1).

Affirmed.