*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN SWOFFORD,

        Plaintiff-Appellant,

v

HORACIO ALVAREZ, and FARMERS
INSURANCE EXCHANGE,

        Defendants,

and

PAUL AUBE PETROW,

        Defendant-Appellee.

UNPUBLISHED
November 26, 2019

No. 344189/344465
Calhoun Circuit Court
LC No. 2012-003478-NI

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Following a jury trial, a judgment of no cause of action was entered for defendant Paul Petrow.[1] Plaintiff appeals as of right. Plaintiff also contests the trial court order that he pay defendant's costs and attorney fees. We affirm.

## I. FACTS & PROCEDURAL HISTORY

This case arises out of a traffic accident. Defendant was considering purchasing Horacio Alvarez's van and took it for a test drive when the brakes failed and he collided with plaintiff's vehicle. As a result, plaintiff was injured. Plaintiff suffered injuries to his spine which required a fusion of several vertebrae, and resulted in permanent nerve damage. He also suffered from a

---

[1] A judgment against defendant Horacio Alvarez was entered, and was not challenged. Petrow is the only defendant involved in this appeal, he will be referred to as "defendant" throughout.

closed head injury, which left him permanently disabled. Both plaintiff and defendant were insured by Farmers Insurance Exchange (hereinafter "Farmers Insurance"). The van was towed away, sold, and destroyed before plaintiff could request an inspection of it.

Plaintiff sued defendant, Alvarez, and Farmers Insurance.[2] At trial, defendant testified that just prior to the accident, the brakes failed and he could not stop the van. He argued that he could not be held liable for the accident under the "sudden emergency doctrine." Over plaintiff's objections, the trial court permitted defendant to assert this defense, but sanctioned him for failing to produce brake evidence by instructing the jury that it could draw an inference that any such evidence would have been adverse to defendant pursuant to M Civ JI 6.01. The jury found that defendant was not liable, and plaintiff appealed that decision.

On appeal, this Court reversed and remanded the case for a new trial. *Swofford v Alvarez*, unpublished opinion per curiam of the Court of Appeals, issued February 23, 2016 (Docket No. 324530) ("*Swofford I*"). The panel held that the trial court abused its discretion when it instructed the jury regarding the sudden emergency doctrine because no reasonable juror could have found that the potential for brake failure was completely unexpected in light of defendant's admission that Alvarez had warned him during the test drive that there might be a problem with the brakes. *Id.* The panel further held that the trial court properly elected to sanction defendant, but it abused its discretion when it gave an instruction that allowed the jury to make an adverse inference on the basis of defendant's control over the evidence while preventing plaintiff from presenting evidence that Farmers Insurance controlled the van and could have preserved it on his behalf. *Id.* The panel declined to make a finding regarding what sanction was appropriate and remanded the case to the trial court for "a new trial utilizing an appropriate sanction, which could include M Civ JI 6.01 while allowing testimony about [defendant's] control of the [van], . . . or another sanction . . . ." *Id.*

On remand, plaintiff moved for partial summary disposition pursuant to MCR 2.116(C)(10) arguing that the panel's decision included a finding regarding defendant's liability because it determined that defendant could not present a sudden emergency defense. Because defendant was left with no available defense, plaintiff reasoned, the trial could only proceed on the issue of damages alone. Conversely, defendant argued that the panel made no such finding because it specifically directed a new trial, not a new trial based solely on damages and allocation of fault. Rather, defendant contended, the issue of liability also could be considered on remand. The trial court denied plaintiff's motion.

A few days before the new trial began, defendant filed his third amended witness list naming a claims supervisor from Farmers Insurance, an employee of the salvage company that purchased the van for salvage, and plaintiff's counsel. This prompted plaintiff to file an emergency motion to quash. The trial court heard arguments on the motion and decided that plaintiff's counsel would not testify because there were alternative witnesses who could provide testimony regarding when plaintiff first requested to inspect the van, but the other additional

---

[2] Farmers Insurance was dismissed from the case before it proceeded to trial where a jury determined that Alvarez was liable.

witnesses would be allowed to testify. The trial court concluded that the *Swofford I* directive was to present the jury with both sides of the story regarding the van's destruction, but it would make specific rulings on evidence as issues arose at trial.

At trial, plaintiff testified about the collision and his injuries. He admitted that he did not request any inspection of the van. Alvarez testified that the van was towed away after the accident, and a few days later, he received a check from Farmers Insurance for its value. Defendant testified that the check was made out to both Alvarez and himself. He assumed it was for the value of the van, and he endorsed the check over to Alvarez. He did not see the van again after he was pulled from it at the accident scene, and he did not know that the van had been crushed until after plaintiff initiated the instant lawsuit.

Plaintiff's expert witness, a brake systems analyst, testified that because of the way the brake systems on this type of van were designed, the accident could not have occurred in the manner that defendant and Alvarez described, because a failsafe system would provide some type of braking in the event that one of the two brake systems failed. He further testified that a partial brake failure or seal rupture could have occurred, which might have given the illusion of a total brake failure.

The claims supervisor from Farmers Insurance testified that defendant's wife reported the claim the day after the accident. Farmers Insurance was obligated under the terms of defendant's policy to pay for the value of the van. Farmers Insurance inspected the van, determined it was a total loss, and in accordance with their usual practice, it sold the van at auction to a salvage company. The timing of the sale was not unusual, and Farmers Insurance normally did not retain vehicles for litigation purposes unless requested to do so by a plaintiff's attorney, which did not happen in this case. Farmers Insurance did this in order to avoid incurring fees for storing totaled vehicles.

At the close of proofs, plaintiff moved for a directed verdict on the issue of liability, arguing that defendant's violations of the motor vehicle code constituted negligence per se. The trial court denied the motion because the jury instructions indicated that the jury must first find defendant violated a statute, and then might infer negligence.

The trial court instructed the jury pursuant to M Civ JI 6.01(c):[3]

> The defendant in this case has not offered the van brakes and braking system. As this evidence was under the control of the [d]efendant and could have [been] produced by him, you may infer that the evidence would have been adverse to the [d]efendant if you believe that no reasonable excuse for [d]efendant's failure to produce the evidence has been shown.

---

[3] M Civ JI 6.01, "allows the jury to draw the inference that evidence would have been adverse where a party who is in control of the evidence fails to produce it at trial." *Clark v Kmart Corp*, 249 Mich App 141, 146-147; 640 NW2d 892 (2002).

The jury found that defendant was not negligent, and the trial court entered an order reflecting that finding. Plaintiff now appeals, and argues that the trial court committed error requiring reversal when it (1) denied plaintiff's partial motion for summary disposition, (2) allowed evidence that plaintiff's counsel was at fault for spoliation of evidence, (3) instructed the jury pursuant to M Civ JI 6.01(c), and (4) awarded defendant costs and attorney fees. We affirm on all issues.

## II. SUMMARY DISPOSITION

Plaintiff argues that the law of the case doctrine required the trial court to grant his motion for partial summary disposition on the issue of liability. This argument is without merit.

A trial court's grant or denial of a motion for summary disposition is reviewed de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). A motion for summary disposition under MCR 2.116(C)(10) should be granted "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law[ ]" after a review of all "the pleadings, admissions, and other evidence submitted by the parties[,] [viewed] in the light most favorable to the nonmoving party." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010) (citations, footnotes, and quotation marks omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Id.* (citation, footnote, and quotation marks omitted).

"The law of the case doctrine provides that if an appellate court has decided a legal issue and remanded the case for further proceedings, the legal issue determined by the appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same." *Grace v Grace*, 253 Mich App 357, 362–63; 655 NW2d 595 (2002), citing *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). In *Swofford I*, we directed:

> **On remand, the jury must assess [defendant]'s liability.** Because the sanction only applies to [defendant], we do not disturb the jury's finding that Alvarez breached his duty of care to [plaintiff] and proximately caused the damages already found. See MCR 2.611(A)(1)(a). Nevertheless, **if the jury finds** . . .[**defendant**] . . . **liable**, it must assess the portions of liability attributable to [defendant and Alvarez] each. [*Swofford I*, unpub op at 7 (emphasis added).]

Thus, the previous panel concluded that there remained a genuine issue of material fact regarding whether defendant was liable at all. The jury in *Swofford II* did this. Because "the law of the case doctrine applies without regard to the correctness of the prior determination," *Grace*, 253 Mich App at 362–63 (citation omitted), this issue requires no further analysis. Accordingly, the trial court properly denied plaintiff's motion for partial summary disposition.

## III. SPOLIATION

Plaintiff next argues that the trial court erred by allowing the admission of evidence that plaintiff's counsel failed to inspect the van before it was destroyed, and therefore was at fault for

the spoliation of evidence. He contends this evidence should have been excluded under MRE 402 and MRE 403. We disagree.

We review for an abuse of discretion the trial court's decision to admit or exclude evidence. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). The trial court abuses its discretion when it "chooses an outcome falling outside the range of principled outcomes." *Id*. This Court reviews de novo the trial court's interpretation of an evidentiary rule. *Chapin v A & L Parts, Inc*, 274 Mich App 122, 126; 732 NW2d 578 (2007).

This Court stated in *Morales v State Farm Mut Auto Ins Co*, 279 Mich App 720, 729–730; 761 NW2d 454 (2008):

> Generally, all relevant evidence is admissible and irrelevant evidence is not. MRE 402; *Waknin v Chamberlain*, 467 Mich 329, 333; 653 NW2d 176 (2002). Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. MRE 401; *Waknin*, supra at 333. The trial court also has discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403; [*Lewis v LeGrow*, 258 Mich App 175, 199; 670 NW2d 675 (2003)]. " 'Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury.' " *Waknin*, supra at 334 n 3, quoting *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

The evidence was relevant to show the timeline surrounding the van's destruction with respect to when defendant and Farmers Insurance knew or should have known that the van was material evidence in this case. It therefore was relevant under MRE 402 because it shed light on Farmers Insurance's motivation for destroying the van.

Plaintiff further argues on appeal that the evidence was inadmissible under MRE 403 because it only served to inflame the emotions of jurors with strong feelings about attorneys who advertise.[4] However, plaintiff's counsel's advertising techniques were never mentioned anywhere in the record, and therefore, plaintiff's argument that this evidence should have been excluded pursuant to MRE 403 is without merit.

Plaintiff also argues that Farmers Insurance's claim supervisor's testimony regarding disposition of the van should have been prohibited because defendant did not properly identify her as a witness before trial. MCR 2.401(I)(1) provides that all parties must file and serve witness lists within the time allotted by the trial court, and a trial court "may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except

---

[4] Plaintiff retained attorneys from a law firm that prominently advertises its services through various mediums.

-5-

upon good cause shown." Where justice so requires, a trial court should not be reluctant to allow an unlisted witness to testify. *Pastrick v General Tel Co of Michigan and Sub-Surface Constr Co*, 162 Mich App 243, 245; 412 NW2d 279 (1987). "[J]ustice is best served where an unlisted witness can be permitted to testify while the interests of the opposing party are adequately protected," because neither party is prejudiced and "the jury is afforded a fuller development of the facts surrounding the case." *Id*. at 246. Generally, a trial court should set appropriate conditions to prevent prejudice and to enable the opposing party to meet the testimony of the new witness. *Id*.

In this case, the parties were expected to produce evidence regarding defendant's control of the van in accordance with the directives of *Swofford I*. It is not surprising that defendant sought to present testimony from Farmers Insurance's claim supervisor regarding its usual practice of purchasing, inspecting, storing, and selling totaled vehicles in order to show that defendant had limited control of the van and that Farmers Insurance did not spirit the van away to be destroyed in order to avoid liability in this case. Rather, defendant offered evidence that Farmers Insurance followed its customary process of selling off totaled vehicles in a timely manner in order to avoid storage fees. Given that defendant listed Farmers Insurance as a witness as early as 2013, and given this Court's direction in *Swofford I*, plaintiff cannot claim unfair surprise or prejudice as a result of this testimony. The trial court's decision did not fundamentally impair plaintiff's ability to present his side of the issue. See *Pollum v Borman's, Inc*, 149 Mich App 57; 385 NW2d 724 (1986) (reversing the trial court's decision to admit the testimony of an undisclosed expert witness during plaintiff's case in chief). Thus, plaintiff's arguments are without merit.

IV. M CIV JI 6.01

Plaintiff next argues that the trial court committed error requiring reversal when it elected to instruct the jury pursuant to M Civ JI 6.01(c). We disagree.

We review claims of instructional error de novo, examining the instructions as a whole to determine whether an error occurred. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). However, the applicability of a jury instruction to a given situation is within the sound discretion of the trial court, and a trial court's decision in this regard will be reviewed by this Court for an abuse of discretion. *Jackson v Nelson*, 252 Mich App 643, 647; 654 NW2d 604 (2002). Moreover, this Court reviews a trial court's decision to sanction a party for failing to preserve evidence, and the sanction given, for an abuse of discretion. *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997).

M Civ JI 6.01, "allows the jury to draw the inference that evidence would have been adverse where a party who is in control of the evidence fails to produce it at trial." *Clark*, 249 Mich App at 146-147. The instruction has four versions:

(a) (The [plaintiff / defendant] in this case has not offered [the testimony of [name] / [identify exhibit]]. As this evidence was under the control of the [plaintiff / defendant] and could have been produced by [him / her], and no reasonable excuse for the [plaintiff's / defendant's] failure to produce the

evidence was given, you may infer that the evidence would have been adverse to the [plaintiff / defendant].)

(b) (The [plaintiff / defendant] in this case has not offered [the testimony of [name] / [identify exhibit]]. As no reasonable excuse for the [plaintiff's / defendant's] failure to produce this evidence was given, you may infer that the evidence would have been adverse to the [plaintiff / defendant], if you believe that the evidence was under the control of the [plaintiff / defendant] and could have been produced by [him / her].)

(c) (The [plaintiff / defendant] in this case has not offered [the testimony of [name] / [identify exhibit]]. As this evidence was under the control of the [plaintiff / defendant] and could have been produced by [him / her], you may infer that the evidence would have been adverse to the [plaintiff / defendant], if you believe that no reasonable excuse for [plaintiff's / defendant's] failure to produce the evidence has been shown.)

(d) (The [plaintiff / defendant] in this case has not offered [the testimony of [name] / [identify exhibit]]. You may infer that this evidence would have been adverse to the [plaintiff / defendant] if you believe that the evidence was under the control of the [plaintiff / defendant] and could have been produced by [him / her], and no reasonable excuse for [plaintiff's / defendant's] failure to produce the evidence has been shown.) [M Civ JI 6.01 (brackets in original).]

The instruction "is phrased in a permissive manner" so that the jury may, but "is not required to[,] draw an adverse inference." *Id*. M Civ JI 6.01 should be used when "(1) the evidence was under the control of the party who failed to produce it and could have [produced it], (2) no reasonable excuse for the failure to produce the evidence has been given, and (3) the evidence would have been material . . . and not equally available to the opposite party." *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 193; 600 NW2d 129 (1999). According to the instructions on use, option (c) should be used when the evidence is material and was under the control of one of the parties, but "a question of fact arises in regard to 'reasonable excuse.'" M Civ JI 6.01, Notes on Use.

Farmers Insurance bought the van shortly after the accident and sold it to a salvage company for destruction almost immediately. Farmers Insurance was the only entity that inspected the van, albeit if only to verify that it was a total loss, and was obligated to indemnify defendant if he were found liable. It therefore was in a unique position to know whether the van's destruction would be to its own advantage, and to ensure that the van was indeed destroyed. Thus, the issue was whether Farmers Insurance acted in order to avoid liability, or in order to avoid storage fees. Therefore, the trial court properly instructed the jury.

Plaintiff argues on appeal that the appropriate sanction in this case was the exclusion of any testimony regarding the van's brake failure pursuant to *Hamann V Ridge Tool Co*, 2013 Mich App 252, 258; 539 NW2d 753 (1995). In that case, this Court held that the plaintiffs' expert, who had the opportunity to examine pieces of a handle frame before they were accidently lost by another one of plaintiffs' experts, should not have been allowed to testify regarding his

observations based on those lost pieces, but that photographs of the pieces, and testimony based on the photos were admissible. *Id.* The court reasoned that the defendant suffered the same prejudice regardless of whether plaintiffs acted inadvertently or in bad faith, and therefore, it "would be unfair to permit the negligent party to benefit from his own error." *Id.* "[S]pecifically, [the] defendant was unable to challenge the evidence or respond to it." *Id.*

Defendant maintained throughout trial that if the van had not been destroyed, an examination of the master cylinder would demonstrate a total brake failure and completely vindicate him. Unlike in *Hamann*, however, defendant did not have a chance to inspect the master cylinder after the accident, much less attempt to admit any evidence resulting from an inspection. Rather, the premature destruction of the brake evidence cut both ways. Defendant could not substantiate his claim of brake failure, and plaintiff could not conclusively rebut defendant's claim. Here, unlike in *Hamann*, plaintiff was able to challenge defendant's testimony that the brakes failed by introducing his own expert witness testimony that the van's design included a failsafe system which prevented total brake failure. Accordingly, the trial court did not abuse its discretion when it determined the appropriate sanction.

## V. CASE-EVALUATION SANCTIONS

Plaintiff argues that the trial court erred when it assessed case-evaluation sanctions pursuant to MCR 2.403(O). We disagree.

A trial court's decision regarding case-evaluation sanctions under MCR 2.403(O) presents a question of law that is subject to de novo review. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). A trial court's award of attorney fees and costs is reviewed for an abuse of discretion, which occurs when a trial court's decision is outside a range of reasonable and principled outcomes. *Id.* "[A] trial court's decision that an evidentiary hearing is not warranted . . . [is reviewed] for an abuse of discretion." *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002). This Court reviews de novo the interpretation of MCR 2.403(O) under the same principles governing the construction of statutes. *Fraser Trebilcock Davis & Dunlap PC v Boyce Tr 2350*, 497 Mich 265, 271; 870 NW2d 494 (2015). Namely, the court rule is to be interpreted according to its plain language, "giving effect to the meaning of the words as they ought to have been understood by those who adopted them." *Id.* (internal quotation marks and citation omitted).

MCR 2.403(O) provides, in relevant part:

(1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

* * *

(6) For the purpose of this rule, actual costs are

(a) those costs taxable in any civil action, and

(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation . . . .

"The purpose of case evaluation sanctions is to shift the financial burden of trial onto 'the party who demands a trial by rejecting a proposed [case evaluation] award.' " *Allard v State Farm Ins Co*, 271 Mich App 394, 398; 722 NW2d 268 (2006), quoting *Bennett v Weitz*, 220 Mich App 295, 301; 559 NW2d 354 (1996). "The decision to award case evaluation sanctions is determined as a matter of law; it is not a discretionary matter." *Id*. The cost of retrials may be included in costs "necessitated by" the rejection of a case evaluation. *Severn*, 212 Mich App at 417.

On appeal, plaintiff challenges the application of MCR 2.403(O) where the retrial occurred due to errors arising in the first trial as a result of defendant's arguments to the trial court. In other words, he argues that the costs of the second trial were not "necessitated by" his rejection of the case evaluation, but due to the trial court's erroneous findings. "[T]he phrase 'necessitated by the rejection' denotes only a temporal demarcation, precluding recovery of fees for hours spent before rejection of the mediation evaluation." *Severn*, 212 Mich App at 417. The question whether sanctions should be awarded depends on the outcome of the case, including the result of any appeal. *Id*. MCR 2.403 also does not limit the award of attorney fees to only fees for services performed at the trial itself. *Troyanowski v Kent City*, 175 Mich App 217, 226-227; 437 NW2d 266 (1988). The attorney fees and costs generated in connection with both trials were "necessitated by the rejection of the first mediation evaluation." *Severn*, 212 Mich App at 417. Plaintiff argues that *Severn* was wrongly decided because it imposed a temporal consideration, rather than a causal connection. However, this argument fails because his rejection of the award caused the proceeding to progress further; thus he is liable for sanctions pursuant to MCR 2.403(O). Like in *Severn*, "[t]he cost of two trials was part of the risk assumed by [plaintiff] when [he] rejected the mediation evaluation." *Id*.

Plaintiff further argues that MCR 2.403(O) uses the term "the trial judge" rather than "a trial judge" to indicate that recovery for two trials is only permitted where both trials occurred in front of the same presiding judge. Plaintiff misreads the court rule.

Our Supreme Court has explained:

"The" and "a" have different meanings. "The" is defined as "definite article. 1. (used, [especially] before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an)...." *Random House Webster's College Dictionary*, p 1382. [*Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010), quoting *Massey v Mandell*, 462 Mich 375, 382 n 5; 614 NW2d 70 (2000).]

However, rather than being purely a measure of particularity, indefinite nouns may indicate singularity and plurality. *Id*. at 26-27 (YOUNG, J., concurring) (noting that a definite article may refer to an earlier noun modified by an indefinite article). Moreover, when interpreting words and phrases used in the court rules, those " 'words and phrases used ... must be assigned such meanings as are in harmony with the whole of the [rule], construed in the light of history

and common sense.' " *Sweatt v Dep't of Corrections*, 468 Mich 172, 179; 661 NW2d 201 (2003), quoting *Arrowhead Dev Co v Livingston Co Rd Comm*, 413 Mich 505, 516; 322 NW2d 702 (1982). The language of the court rules should be construed reasonably, keeping in mind the rule's purpose. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012); see also Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 167 ("Perhaps no interpretative fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts.").

Here, the use of the term "the trial judge" merely indicates that it is the *trial* judge (as opposed to any other court or tribunal) that determines the reasonableness of attorney fees. It does not define reasonable attorney fees as limited to services performed before a single trial judge. Plaintiff's interpretation divorces the term from its context in the court rule and ignores the purpose behind the rule, which is "to shift the financial burden of trial onto 'the party who demands a trial by rejecting a proposed [case evaluation] reward.' " *Allard*, 271 Mich App at 398. Accordingly, the trial court properly imposed sanctions.

Plaintiff further argues that the attorney fees assessed under MCR 2.403(O) were not reasonable because the witnesses and evidence in the second trial were the same as the first trial. "Generally, a trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed." *Kernen*, 252 Mich App at 691. "However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Id.*

Here, defense counsel supplied a billing summary detailing the attorney fees he thought he was entitled to as part of the case-evaluation sanctions. He attached copies of detailed invoices, an affidavit attesting to the fee agreement that he had arranged with his client and the median rate for insurance law work according to the State Bar of Michigan, 2017 Economics of Law Practice in Michigan. Plaintiff opposed the request and argued that the fee was unreasonable because the case did not merit an hourly fee of $160 per hour, and did not require 597.6 hours of preparation for the retrial. Whether defense counsel's hourly rate was reasonable involved an examination of many factors,[5] and these factors were addressed using the existing record. Therefore, an evidentiary hearing was not necessary.

---

[5] The factors a court should consider when evaluating the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

Even so, plaintiff argues that defense counsel's billable hours were too high, considering this case had already been tried once before. However, the second trial occurred nearly four years after the first trial, required additional pleadings, witnesses, motions, and hearings. Although spoliation and the sudden emergency doctrine were prominent issues in the first trial, the remand order prohibited a sudden emergency defense, and required additional testimony regarding the van's destruction. Defense counsel was required to take a new course in his trial strategy on remand. Under these circumstances, the trial court did not abuse its discretion by finding that defense counsel's fees were reasonable.

## VI.  CONCLUSION

The trial court did not err when it (1) denied plaintiff's partial motion for summary disposition, (2) allowed evidence that plaintiff's counsel failed to inspect the van before it was destroyed, (3) instructed the jury pursuant to M Civ JI 6.01(c), and (4) awarded defendant costs and attorney fees. We affirm on all issues.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan

---

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent. [*Smith*, 481 Mich at 530 (quotation marks and citation omitted); see also *Augustine v Allstate Ins Co*, 292 Mich App 408, 435; 807 NW2d 77 (2011).]

-11-