ROCKY PRODUCE, INC v FRONTERA

Docket No. 112422. Submitted October 16, 1989, at Detroit. Decided December 18, 1989.

Rocky Produce, Inc., brought an action for money damages against Elaine M. Frontera, doing business as Frontera & Son, in the Wayne Circuit Court. On the day of trial defendant was not present and, although defendant's attorney appeared on her behalf, the court, John H. Gillis, Jr., J., granted plaintiff a default judgment. No subpoena or order to appear had been issued and served on defendant. Defendant appealed.

The Court of Appeals *held:*

Absent a subpoena or a court order to appear, a defendant in a civil action need not appear in person for trial.

Reversed and remanded.

1. CONSTITUTIONAL LAW — ATTORNEY AND CLIENT.

A party. to a civil suit has the right to be represented by counsel (Const 1963, art 1, § 13; MCR 2.117[B][1]).

2. TRIAL — PARTIES — COURT RULES.

Absent a subpoena or a court order to appear, a defendant in a civil action need not appear in person for trial (MCR 2.506).

*Joseph B. Evanski,* for plaintiff.

*Karbel, Brukoff, Rothstein, Stewart & Wallace, P.C.* (by *Robert A. Karbel*), for defendant.

Before: McDONALD, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

MURPHY, J. Defendant appeals as of right from a default judgment entered in plaintiff's favor for

REFERENCES

Am Jur 2d, Attorneys at Law § 6; Judgments § 1168; Parties § 7.

See the Index to Annotations under Appearance; Attorney or Assistance of Attorney; Default Judgments.

approximately $36,000. Plaintiff claimed that money was owed to it by defendant on an account stated and also for unjust enrichment. Defendant, in her answer and by subsequent affidavit, denied that she ever contracted with or incurred a debt to plaintiff relative to the purchase of certain produce.

Although defendant's attorney was present on behalf of defendant for the scheduled trial, the record reflects that the trial court entered a default judgment against defendant because she failed to appear for trial.

Apparently, an unsigned and undated trial notice containing the typed name of the trial judge was sent to the attorneys of record but no subpoena or order to attend the trial was ever issued or served on defendant.

The right to representation by legal counsel in a civil case is provided in our Michigan Constitution, Const 1963, art 1, § 13. This right is further augmented by MCR 2.117(B)(1), which provides in part:

> An attorney may appear by an act indicating that the attorney represents a party in the action. An appearance by an attorney for a party is deemed an appearance by the party. Unless a particular rule indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party.

A party may be required to appear at trial if a properly issued subpoena or order from the court commands the appearance and failure to comply can result in a default judgment. MCR 2.506. However, absent a subpoena or order from the court to appear, a defendant in a civil case is not required to appear in person for a scheduled trial.

The record in this case does not reflect either the issuance of a subpoena or an order to appear. The unsigned, undated trial notice which was sent to defendant's attorney did not constitute an order to appear. MCR 2.602(A).

Accordingly, the default judgment is reversed and this matter is remanded for trial.