**STATE of Utah, Plaintiff and Appellee,**

v.

**Mary HURST, Defendant and Appellant.**

**No. 910154–CA.**

Court of Appeals of Utah.

Nov. 26, 1991.

---

Paul D. Colton and Eric D. Pfost, Layton, for defendant and appellant.

R. Paul Van Dam and Marian Decker, Salt Lake City, for plaintiff and appellee.

Before GARFF, GREENWOOD and RUSSON, JJ.

GARFF, Judge:

Mary Hurst appeals from a criminal contempt order issued by the juvenile court for failure to appear.

## FACTS

Because there are no written findings of fact, we draw the facts from the pleadings and from the transcript. Appellant Mary Hurst failed to appear as ordered for a hearing before the Second District Juvenile Court for Davis County. The hearing was scheduled for December 13, 1990 at 3:15 p.m.

Based on an affidavit, the court issued an order on December 17, 1990 requiring Hurst to appear and show cause why she should not be found in contempt for not appearing at the December 13 hearing.

Hurst appeared at the order to show cause hearing held February 14, 1991. The court informed her that she was on trial for criminal contempt and that the State had the burden to establish beyond a reasonable doubt that the allegations as to criminal contempt were true. Hurst waived her right to remain silent and stipulated that she knew of the court date and that she failed to appear. She testified that she had no driver's license, nor did she own a car. She said she arranged with a friend, who lives in Salt Lake City, to come by her home in West Bountiful to drive her to court. Her friend was to pick her up between 2:30 and 3:00 so she could be in court

by 3:15 p.m. Hurst had previously relied on this friend for rides, and the friend had proved reliable. However, this time, the friend did not come by as promised, nor did she call. Shortly after 3:30 p.m., Hurst called the court to inform them that she was not able to come. However, the hearing had already transpired.

Hurst testified that she has two children, ages two and three, and does not own a stroller. She testified that the bus stop is located over seven blocks from her home in West Bountiful and that there are "hardly any sidewalks" along the road to the bus stop. She also testified that she did not know whether cab service was available in Bountiful. She stated she could rely on no other friends and associates to drive her to court because they all work during the day. Finally, she testified she borrowed a car in order to appear at the contempt hearing.

The court then orally made the following findings:

> The Court finds beyond a reasonable doubt that she knew what was required of her, that was by stipulation, that she knew of the Court hearing, that she was required to attend the Court hearing by order of the Court. That she had the ability to attend the Court hearing; may have been with some inconvenience to— but there was public transportation available to her. The Court does not find that seven-block walk to nearest bus stop was oppressive or unreasonable, that if she had made sufficient arrangements to rely upon that, she in fact could have and could have come to Court, she had attended Court hearings in the past and was not unable to attend, and that by her own action of relying upon another individual, she intentionally failed to comply with that Court order. That she should have been at the Court hearing and that it was her own actions that prevented her from appearing.
>
> Therefore, I find her in contempt of Court.... For the contempt, I'm going to order a $50 fine and suspend it on the condition that she come to Court in the future to attend with her child or children, if properly summoned before the

Court, and that will be the sanction of the Court.... There were some impediments and difficulties that you have, but the Court does not find them sufficient to overcome the ability that you clearly had to come to Court and will not find that problem involving your friend to be sufficient to relieve you of that ability and that you intentionally failed to appear as was previously ordered.

The court prepared a document entitled "Minutes, Findings and Order." The "Minutes" section detailed that the parties stipulated to the court "that the defendant knew of the court date and she did not appear." It then listed those who argued and testified. The "Findings and Conclusions" section read as follows:

The court, after hearing the evidence adduced at trial regarding the allegation contained in the Affidavit and Order to Show Cause dated December 13, 1990, for the charge of CONTEMPT OF COURT finds the Affidavit and Order to Show Cause to be true beyond reasonable doubt. Mary Hurst is found in contempt of court and come[s] within the provisions of the Juvenile Court Act.

Hurst appeals the order of contempt arguing that the court clearly erred in (1) failing to make written findings of fact and conclusions of law; and (2) finding she had no reasonable cause to fail to appear at her court hearing.

## ADEQUACY OF FINDINGS

We first consider the threshold issue of whether the lack of written findings prohibits us from considering the merits of the case.

■ Utah Code Ann. § 78-32-3 (1987) emphasizes that an order for contempt in the presence of the court must recite "the facts as occurring," but does not specify that the order or the facts be in writing. Nor does the current version of Rule 52(a) of the Utah Rules of Civil Procedure require the findings to be in writing. Rule 52(a) states:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon,.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

The last sentence was added by amendment in 1986, effective January 1, 1987. This sentence is identical to the language added in 1983 to Rule 52(a) of the Federal Rules of Civil Procedure. In making the 1983 amendment, the advisory committee noted

Rule 52(a) has been amended to ... provide explicitly that the district judge may make the findings of fact and conclusions of law required in nonjury cases orally.... The objective is to lighten the burden on the trial court in preparing findings in non-jury cases.

Fed.R.Civ.P. 52(a) advisory committee's note.

Clearly, in cases involving orders issued prior to this amendment, the Utah Supreme Court has consistently held that written findings are required.[1] The issue then becomes whether written findings and conclusions are still required in contempt matters

---

1. The following cases deal with contempt orders issued before the 1987 amendment of Rule 52(a). These cases hold that written findings were required in order for contempt orders to be enforceable. *Von Hake v. Thomas,* 759 P.2d 1162, 1172 (Utah 1988), *Race v. Race,* 740 P.2d 253, 259 (Utah 1987) (Durham J., concurring and dissenting) (without written findings, "nothing exists to show on what evidence the court relied"); *Salzetti v. Backman,* 638 P.2d 543, 544 (Utah 1981) (per curiam) (contempt order dismissed without prejudice because of lack of written findings); *State v. Giles,* 576 P.2d 876, 879 (Utah 1978) (order of contempt, whether civil or criminal, must be based upon written findings of fact and conclusions of law, signed by the court); *Thomas v. Thomas,* 569 P.2d 1119, 1120-21 (Utah 1977) (reversed for lack of written findings); *Powers v. Taylor,* 14 Utah 2d 118, 378 P.2d 519, 520 (1963) (contempt vacated for lack of written findings); *Brown v. Cook,* 123 Utah 505, 260 P.2d 544, 549 (1953) (written findings required even though the trial court made detailed oral findings that were later transcribed).

under Rule 52(a) as amended permitting oral findings.

Hurst cites to *Von Hake v. Thomas,* 759 P.2d 1162, 1172 (Utah 1988) and *Race v. Race,* 740 P.2d 253, 259 (Utah 1987) (Durham J., concurring and dissenting), arguing that these two cases issued after the amendment of Rule 52(a) continue the requirement for written findings. We read these cases differently.

In *Von Hake* the defendant was charged with two counts of contempt: failure to appear as ordered and failure to produce tax returns as ordered. The supreme court held that the trial court made adequate written findings on the three elements of contempt for failure to appear.[2] However, on the second contempt charge, there were no findings, written or oral, regarding the disputed issue of whether defendant was able to produce the tax returns. 759 P.2d at 1173. The court reversed because the lack of findings "prevents our effective review of the question." *Id.*

We note two points in determining that *Von Hake* does not require written findings for orders of contempt. First and foremost, the disputed contempt order was entered prior to the amendment of Rule 52(a), which now permits oral findings. Second, *Von Hake* emphasizes the need for explicit findings, whether written or transcribed, on the three elements of contempt.

Our interpretation harmonizes with Utah Code Ann. § 78-32-3, which requires the court to make an order reciting the facts that show contempt. Again, the statute does not state that the order must be in writing. Rather, it emphasizes that the order must be explicit.

Hurst also argues that Justice Durham, in her dissent in *Race,* 740 P.2d at 259, argues that there must be written findings supporting contempt actions. In *Race,* a divorcing wife was found in contempt and sentenced to serve ten days in the county jail because of her refusal to allow her exhusband to visit their child.

While the majority affirmed the contempt order, Justice Durham dissented. In her dissent, she emphasized that the version of Rule 52(a) in effect at the time required written findings of fact and conclusions of law. She also noted that Utah Code Ann. § 78-32-3 (1977) required the findings and order to be explicit. She reasoned that

[a] primary purpose of written findings of fact is to preserve for the record the reasons for the trial court's judgment. Without such written findings, nothing exists to show on what evidence the court relied, and review of whether there was clear and convincing evidence of contempt becomes impossible.

740 P.2d at 259.

Justice Durham's reasoning in *Race* is in line with the revised Rule 52(a) because both emphasize the need for the record to reflect the reasons for the trial court's judgment. Thus, the emphasis is on the *explicitness* of the findings rather than on whether they are written rather than transcribed.

Under the federal rule, other courts have avoided remanding orders of contempt even where findings were not made but where the record reveals the facts constituting contempt. *See e.g., Weiss v. Burr,* 484 F.2d 973, 983 (9th Cir.) ("the existence of the requisite [attorney] misconduct can be gleaned from the reporter's transcript") *cert. denied,* 414 U.S. 1161, 94 S.Ct. 924, 39 L.Ed.2d 115 (1973); *United States v. Schiffer,* 351 F.2d 91, 94 (6th Cir.1965) (findings not necessary where record included as part of criminal contempt certificate); *State v. Yates,* 208 Or. 491, 302 P.2d 719, 722 (1956) (per curiam) (clear and specific findings of fact re contempt can appear either in separate findings or in the judgment itself); *Edwards v. Edwards,* 254 S.C. 466, 176 S.E.2d 123, 124 (1970) (necessary findings could be gleaned from the record to show husband's disregard of the court's order to convey land to exwife); *State v. Mecca Twin Theater & Film Exch.,* 82 Wash.2d 87, 507 P.2d 1165, 1168 (1973) (omitted finding as to defendant's ability to comply with court's order could be gleaned from the record).

---

**2.** The three elements of contempt are discussed later in this opinion and in *Von Hake,* 759 P.2d at 1172.

Whether the findings are written separately, or whether they are gleaned from the transcript, the opinion or the memorandum decision, "the ultimate test of the adequacy of a trial judge's findings is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2579 (1971).

Applying the case law and Rule 52(a) as amended to the present case, we find no need to remand for written findings because the trial court has articulated in the transcript, as well as in the "Findings and Conclusions" section of the "Minutes, Findings and Order" document, explicit findings addressing the three elements of contempt. To wit: that Hurst knew what was required, had the ability to comply, and intentionally failed or refused to do so.

## CONTEMPT

Having determined that the findings are adequate, we turn to Hurst's argument that the evidence was insufficient to support the court's findings that she had the ability to comply and that she intentionally failed or refused to comply.

 Utah law defines contempt as "disobedience of any lawful judgment, order or process of the court." Utah Code Ann. § 78–32–1(5) (1987). The juvenile code specifically states that "[a]ny person summoned as herein provided who without reasonable cause fails to appear, may be proceeded against for contempt of court...." Utah Code Ann. § 78–3a–28 (1987). For the court to hold Hurst in contempt for failure to comply with a court order, it had to find that she (1) knew what was required, (2) had the ability to comply, and (3) intentionally failed or refused to do so. *Von Hake v. Thomas*, 759 P.2d 1162, 1172 (Utah 1988). These three elements must be proved beyond a reasonable doubt in a criminal contempt proceeding, and by clear

and convincing evidence in a civil contempt proceeding. *Id.*

Here, Hurst admits that she knew what was required of her and that she failed to attend the court proceeding. She argues that the evidence was insufficient to support the court's findings that she had the ability to comply and that she intentionally failed or refused to comply. "We affirm the trial court's findings—and the conclusions logically flowing therefrom—if the findings are based on sufficient evidence, viewing the evidence in the light most generous to the trial court." *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1312–14 (Utah App.1991). We will not set aside a finding unless it is clearly erroneous. Utah R.Civ.P. 52(a). We give "due regard" to the "opportunity of the trial court to judge the credibility of the witnesses." *Id.* To show insufficiency of the evidence, Hurst is required to "marshal all the evidence supporting the challenged findings and then show that despite that evidence, the findings are clearly lacking in support." *State of Utah, in the Interest of M.S.*, 815 P.2d 1325, 1328 (Utah App.1991).

Rather than marshaling the evidence supporting the challenged findings, Hurst has restated only the evidence favorable to her position. Because she failed to marshal the evidence, we accept the challenged finding and the resulting conclusion.[3] *See Majestic Inv.*, at 1312–14; *Turnbaugh v. Anderson*, 793 P.2d 939, 944 (Utah App.1990).

We therefore affirm the court's order of contempt.

GREENWOOD and RUSSON, JJ., concur.

---

3. Even if we were to analyze the issue on its merits, we would have no choice but to affirm. The court, recognizing Hurst's difficulties, found that she nevertheless had the ability to attend the hearing. This finding was supported by the following subsidiary findings which the court said it found beyond a reasonable doubt: (1) public transportation was available; (2) the seven-block walk to the bus stop was not oppressive or unreasonable; (3) Hurst could have made sufficient arrangements to get to court; (4) Hurst's own actions of relying upon another individual prevented her from appearing; (5) Hurst had the ability in the past to attend court hearings; and (6) Hurst had borrowed a car to attend the contempt proceeding.