IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Rodaric Group, LLC; Action Investment Services, LLC; Lee Jackson; and Richard Jackson, | ) ) ) ) | MEMORANDUM DECISION |
| | | Case No. 20101003-CA |
| Plaintiffs and Appellees, | ) ) ) | |
| | ) | F I L E D |
| v. | ) ) | (April 26, 2012) |
| W. Kelly Ryan, | ) ) | 2012 UT App 127 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 070402054
The Honorable Steven L. Hansen

Attorneys:     Nathan E. Burdsal and Hutch U. Fale, Orem, for Appellant
               Keith W. Meade and Bradley M. Strassberg, Salt Lake City, for
               Appellees

-----

Before Judges Voros, Thorne, and Roth.

ROTH, Judge:

¶1     W. Kelly Ryan appeals from the district court's entry of default judgment against him for failure to appear for trial. Ryan asserts that he was represented by counsel and ready to proceed with trial. We reverse the entry of default judgment and remand for additional proceedings.

¶2     Ryan was one of multiple defendants in a securities fraud action initiated by Rodaric Group, LLC; Action Investment Services, LLC; Lee Jackson; and Richard Jackson (collectively, Rodaric Group). Several defendants were dismissed from the litigation, and eventually the number of defendants dwindled to four, including Ryan. On March 15, 2010, the district court held a pretrial conference, at which time it

scheduled a bench trial beginning August 2, 2010. Ryan, who lived in Washington and was representing himself, asked to appear at the pretrial conference telephonically, but that request was denied, and as a result, he did not appear. The court entered an order, setting a final pretrial conference for July 19, 2010, at which "[a]ll parties and all counsel are to be present." Ryan, still pro se, did not appear at the final pretrial conference after his request to appear telephonically was again denied, but the court entered no sanction. Ryan did appear in person for trial on August 2, 2010. Because of scheduling issues, however, the parties agreed to continue the matter until November 8, 2010, for an eight-day trial. The district court directed the parties to "be prepared and ready to go" at that time and several times urged Ryan to obtain counsel.

¶3     On November 8, 2010, Ryan did not appear for trial. The trial did not proceed that day, however, because Plaintiffs' counsel represented to the court that the parties had "reached a global settlement" and was granted a continuance until the following day. On November 9, Rodaric Group finalized a settlement with all remaining defendants, except Ryan. Once the court indicated its approval of the settlement, Nathan E. Burdsal, who had been representing one of the other defendants, entered an appearance for Ryan in open court. Burdsal explained that because Rodaric Group was seeking joint and several liability, he had had a conflict in representing Ryan while also representing another defendant, but once his other client had settled, he was free to enter his appearance for Ryan, who had requested that Burdsal represent him at trial. Burdsal further stated that he was "still prepared for the trial" and "would like to go forward with the trial" without "any additional time." Rodaric Group objected to Burdsal's entry of appearance and moved to strike Ryan's answer and to proceed by proffer. The district court allowed Burdsal to enter an appearance on behalf of Ryan but granted Rodaric Group's motion to strike the answer and entered a default judgment based on evidence proffered by Rodaric Group. Burdsal objected to both the entry of default and the court receiving evidence by proffer. In granting the default, the court cited Ryan's failure to appear for the first day of trial as the basis for its decision but did not specify under which rule it was entering the default judgment. In a later written decision denying Ryan's motion to set aside the default judgment, the court explained that it struck Ryan's answer and entered default judgment against him as a sanction under rule 16(d) of the Utah Rules of Civil Procedure for failing to obey a pretrial order instructing Ryan to appear at the bench trial. *See generally* Utah R. Civ. P. 16(d) (2010) ("If a party fails to obey a . . . pretrial order, . . . the court, upon motion or its own

initiative, may take any action authorized by Rule 37(b)(2)."")); *id.* R. 37(b)(2) (detailing sanction options, which include striking pleadings and entering default judgment).[1]

¶4     While we recognize that Ryan had been noncompliant with the court's previous orders that he appear at court proceedings, the factual basis the district court recited as the basis for entering default judgment against Ryan is inaccurate.  Ryan, in fact, appeared at trial through his counsel, Burdsal, who was, in the words of the court's pretrial warning, "prepared and ready to go."  *See generally* Utah R. Civ. P. 55(b)(1)(A) (2012) (authorizing default judgment when a party fails to appear); *Ogawa v. Ogawa*, 221 P.3d 699, 707 (Nev. 2009) (reversing the entry of default judgment against a defendant who appeared through counsel, and collecting cases from other jurisdictions that have held the same).  The court had not issued any order requiring Ryan to appear personally at trial.  *See* Utah R. Civ. P. 16(d) (2010) (authorizing a court to enter default judgment as a sanction for failing to follow a pretrial order); *Rocky Produce, Inc. v. Frontera*, 449 N.W.2d 916, 917 (Mich. Ct. App. 1989) ("[A]bsent a subpoena or order from the court to appear, a [represented] defendant in a civil case is not required to appear in person for a scheduled trial."); *cf. Von Hake v. Thomas*, 759 P.2d 1162, 1172 (Utah 1988) (stating that for a party to be held in contempt for failing to comply with a court order, the court must find that the party knew what he was required to do, was able to comply, and willfully failed to comply), *superseded by statute on other grounds as stated in State v. Hurst*, 821 P.2d 467, 469 n.1 (Utah Ct. App. 1991).  In fact, the court had repeatedly and strongly advised Ryan to obtain counsel because "all parties in all cases that represent themselves . . . are at a distinct disadvantage."  Ryan admittedly failed to appear either personally or through counsel for the first day of trial, but this did not appear to have prejudiced Rodaric Group.  To the contrary, it was Rodaric Group that requested a continuance based on its representation that it had reached a global settlement with the defendants.  When it became clear that Ryan was not going to settle, he appeared through counsel, Burdsal, and represented through that counsel that he was ready to proceed with the trial without delay.  Furthermore, counsel objected on the record to proceeding by proffer, stating that Rodaric Group would not be "prejudice[d] by making [it] prove [its] case" and indicating that he thought Ryan should "get an opportunity to have his attorney present [defense] evidence for him"

---

[1]Rule 16 and rule 37 of the Utah Rules of Civil Procedure have been recently amended.  *See generally* Utah R. Civ. P. 16 amend. notes (2012); *id.* R. 37 amend. notes. The new rules only affect cases filed on or after November 1, 2011, however, and we therefore cite to the preamendment version of these rules.

rather than "mov[ing] ahead via proffer." Counsel also objected to the sufficiency of the proffer. On these facts, there is no basis for entering default judgment against Ryan as a consequence of his failing to appear personally for trial. We therefore reverse the entry of default judgment and remand to the district court for additional proceedings.[2]

¶5     Reversed and remanded.

_____
Stephen L. Roth, Judge

-----

¶6     WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
William A. Thorne Jr., Judge

---

[2]Ryan also asks that we rule as a matter of law that Rodaric Group cannot recover against Ryan as an officer or director because the corporation for which he works has not itself been held liable. *See generally* Utah Code Ann. § 61-1-22(4)(a) (2011) (stating that officers or directors may be held jointly and severally liable with the corporation when that corporation is found to be a seller in violation of the securities act). He also claims that Rodaric Group is precluded from recovering by the doctrine of res judicata. Although the issues were raised in the district court at the November 9 hearing, they were not fully developed below, and we will not review them in the first instance. *See generally 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (declining to consider issues on appeal that have not yet been presented in a manner that allowed the district court an opportunity to rule). Ryan is free to raise those issues in the district court on remand, as appropriate.