*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOLLIE A. BASTIN, by Guardian ELIZABETH A. BASTIN,

        Plaintiff-Appellee,

v

JANUARIUS KIM WELCH,

        Defendant-Appellant,

and

J.P. MORGAN CHASE BANK, N.A., also known as J.P. MORGAN CHASE & CO., and WELLS FARGO BANK, N.A.,

        Defendants.

UNPUBLISHED
May 20, 2021

No. 351652
Oakland Circuit Court
LC No. 2016-156452-CZ

Before: K. F. KELLY, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Defendant, Januarius Kim Welch ("defendant"),[1] appeals as of right a judgment for plaintiff, Hollie A. Bastin ("Hollie"), by Guardian, Elizabeth A. Gastin ("Elizabeth") (sometimes referred to collectively as "plaintiff" when discussing the procedural history and appellate arguments), and against defendant following a bench trial in this action alleging statutory conversion of inheritance funds. We affirm.

This case arises out of defendant's conversion or embezzlement of inheritance funds belonging to Hollie while defendant was purportedly acting as an attorney for Elizabeth and Hollie. Elizabeth is Hollie's mother and legal guardian. Hollie is developmentally disabled and incapable

---

[1] We will refer to Welch as "defendant" because the other defendants listed in the caption are not directly involved in this appeal.

-1-

of making legal or financial decisions. Plaintiff filed this action asserting, *inter alia*, statutory conversion or embezzlement under MCL 600.2919a, for which plaintiff sought treble damages, interest, and attorney fees. Defendant moved for summary disposition under MCR 2.116(C)(7) on the basis that there was an accord and satisfaction, but the trial court denied defendant's motion. The case proceeded to a bench trial, the trial court found in favor of plaintiff on the claim of statutory conversion or embezzlement, and the court entered a judgment awarding treble damages, interest, and attorney fees to plaintiff. This appeal ensued.

Defendant argues on appeal that the trial court erred in requiring defendant to appear and testify at trial. We disagree.

This Court reviews de novo the interpretation and application of court rules. *In re DMK*, 289 Mich App 246, 253; 796 NW2d 129 (2010). Unambiguous language of a court rule must be applied as written. *In re Leete Estate*, 290 Mich App 647, 655-656; 803 NW2d 889 (2010).

This Court reviews for an abuse of discretion a trial court's decision whether to admit testimony of a witness or party who was not properly disclosed as a witness before trial. *Leavitt v Monaco Coach Corp*, 241 Mich App 288, 296; 616 NW2d 175 (2000); *Grubor Enterprises, Inc v Kortidis*, 201 Mich App 625, 628-629; 506 NW2d 614 (1993). "An abuse of discretion exists when the trial court's decision falls outside the range of principled outcomes." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 162; 792 NW2d 749 (2010).

MCR 2.117(B)(1) provides:

> An attorney may appear by an act indicating that the attorney represents a party in the action. An appearance by an attorney for a party is deemed an appearance by the party. Unless a particular rule indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party.

MCR 2.506(A)(1) provides, in relevant part, "The court in which a matter is pending may by order or subpoena command a party or witness to appear for the purpose of testifying in open court on a date and time certain and from time to time and day to day thereafter until excused by the court . . . . ."

In *Rocky Produce, Inc v Frontera*, 181 Mich App 516, 517; 449 NW2d 916 (1989), the trial court entered a default judgment against the defendant because she failed to appear for trial, even though her attorney was present on her behalf for the scheduled trial. No subpoena or order to attend the trial was ever served on the defendant. *Id*. In reversing the default judgment, this Court reasoned:

> A party may be required to appear at trial if a properly issued subpoena or order from the court commands the appearance and failure to comply can result in a default judgment. MCR 2.506. However, absent a subpoena or order from the court to appear, a defendant in a civil case is not required to appear in person for a scheduled trial. The record in this case does not reflect either the issuance of a subpoena or an order to appear. [*Id*. at 517-518.]

Defendant argues that he was not required to appear at trial because there was no subpoena or order requiring him to do so until the day of trial when the court directed defense counsel to produce defendant. It is true that there were no orders before the day of trial stating that defendant must appear in person at trial. Further, defendant argues that the subpoena served on him by plaintiff at 5:00 p.m. on September 5, 2018, was not timely because it was not served two days before the September 7, 2018 trial.

MCR 2.506(C)(1) provides: "The signer of a subpoena must issue it for service on the witness sufficiently in advance of the trial or hearing to give the witness reasonable notice of the date and time the witness is to appear. Unless the court orders otherwise, the subpoena must be served at least 2 days before the appearance . . . ." Defendant contends that the date on which the subpoena was served, September 5, 2018, is not included when calculating the time period. See MCL 8.6 ("In computing a period of days, the first day is excluded and the last day is included."); MCR 1.108 ("In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply: (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included [except for weekends, legal holidays, and days on which the court is closed].").

The trial court did not state that it was enforcing plaintiff's subpoena, as opposed to exercising the court's independent authority to order defendant to appear at trial. Defendant's argument regarding whether the subpoena was timely served is thus inapt. And this is not a situation like *Rocky Produce* in which the defendant was improperly defaulted for failing to appear in person despite never having been ordered to do so. That is, defendant was not held in default for failing to appear in person. Rather, defense counsel said that he could produce defendant if the court so directed, the court told defense counsel to produce defendant, and defense counsel did so. Defendant cites no authority indicating that there was anything improper about what occurred here.

It is true that plaintiff did not list defendant as a witness in the parties' joint pretrial order, in which the parties listed their witnesses. But this did not preclude the trial court from requiring defendant to testify. A trial court has discretion to allow an unlisted witness to testify when justice so requires. *Pastrick v Gen Tel Co of Mich*, 162 Mich App 243, 245; 412 NW2d 279 (1987). Defendant's contention that he was unfairly surprised that he would have to testify is untenable. Defendant's status as a party with knowledge of the underlying facts was apparent. The trial court has discretion to allow a party to testify even if no witness list was filed. *Grubor Enterprises*, 201 Mich App at 628-629. "[T]he parties are the original adversaries and are generally known to each other from the outset. This should prevent the element of surprise occurring when unlisted witnesses are called to testify." *Id*. Defendant knew about his role in the events leading to this action. Defendant's contention that he was unfairly surprised about having to appear and testify is unconvincing given defense counsel's statements to the trial court that defendant was nearby and could be produced quickly if the court so ordered; the defense was not caught off guard.

Defendant's assertion that he was illegally pressured to appear because the trial court threatened to hold him in default for filing a late answer is also unavailing. At the beginning of the lengthy exchange about why defendant was not at the trial, defense counsel stated, "My client is available if the court so orders." Defense counsel thus expressed his willingness to produce defendant *before* the court made any comments about holding defendant in default. Moreover, the trial court's comments are reasonably understood not as a threat but as an exposition of the

incongruity of the defense posture in (1) failing to file a timely answer and yet (2) claiming that defendant could not be required to testify because plaintiff's subpoena was not timely served.

Defendant next argues that plaintiff's complaint failed to state a claim for statutory conversion and that the trial court erred in determining that the proofs at trial established defendant's liability under MCL 600.2919a(1). We disagree.

"This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). "A finding is clearly erroneous where, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. In applying the clearly-erroneous standard, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

The interpretation and application of statutory language is reviewed de novo. *In re DMK*, 289 Mich App at 253. Unambiguous statutory language must be applied as written. *Mich Ass'n of Home Builders v Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019).

MCL 600.2919a(1) provides:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

"In general, 'or' is a disjunctive term, indicating a choice between two alternatives . . . ." *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 148; 783 NW2d 133 (2010). MCL 600.2919a(1)(a) provides a basis for recovery when the defendant steals *or* embezzles property *or* converts property to the defendant's own use. In *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 347 n 18; 871 NW2d 136 (2015), our Supreme Court noted the clear meaning of this statutory language: "While the parties and this Court refer to a claim pursued under MCL 600.2919a as a 'statutory conversion' claim, the plain language of MCL 600.2919a(1)(a) makes clear that a claim also accrues to the victim of 'another person's stealing or embezzling' property." (Brackets omitted.) Our Supreme Court in *Aroma Wines*, 497 Mich at 347 n 19, further noted that, in disputing the meaning of "conversion" to the defendant's own use, the parties in that case "essentially concede that no 'stealing' or 'embezzling' occurred within the meaning of MCL 600.2919a(1)(a) and that MCL 600.2919a(1)(b) is not at issue in this case. Indeed, under any reading of the statute, MCL 600.2919a applies to all 'stealing' and 'embezzling.' "

Defendant argue that plaintiff's complaint failed to state a claim for statutory conversion. Defendant's argument is unavailing. In the count of plaintiff's complaint asserting that defendant was liable under MCL 600.2919a, plaintiff alleged both that defendant unlawfully embezzled Hollie's money and that he converted the money. Defendant's appellate argument addresses only conversion. Defendant does not provide any discernible argument with respect to embezzlement. As noted, MCL 600.2919a(1)(a) provides a basis for recovery when the defendant steals *or* embezzles property *or* converts property to the defendant's own use. Defendant's appellate challenge to plaintiff's pleadings fails for this reason alone, i.e., defendant fails to address all of the bases asserted in the complaint for recovery under MCL 600.2919a. Defendant "cannot leave it to this Court to make his arguments for him." *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019). "His failure to adequately brief the issue constitutes abandonment." *Id*.

In any event, the allegations in the complaint adequately state a claim under MCL 600.2919a. "[A] complaint that fails to state a cause of action cannot support a judgment." *Lindsley v Burke*, 189 Mich App 700, 703; 474 NW2d 158 (1991). A complaint must allege sufficient facts to put the defendant on notice of the claim against which he must defend. *Kincaid v Cardwell*, 300 Mich App 513, 529; 834 NW2d 122 (2013). See also MCR 2.111(B)(1) (a complaint must state the facts "on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend"). "In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense." *Steed v Covey*, 355 Mich 504, 511; 94 NW2d 864 (1959) (quotation marks and citation omitted).

"[C]onversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines*, 497 Mich at 346 (quotation marks and citation omitted). "To support an action for conversion of money, the defendant must have obtained the money without the owner's consent to the creation of a debtor-creditor relationship and must have had an obligation to return the specific money entrusted to his care." *Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004) (quotation marks and citation omitted). A claim of statutory conversion "requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines*, 497 Mich at 359.

In the count of her complaint asserting liability under MCL 600.2919a, plaintiff alleged that, as Hollie's attorney in a Macomb Probate Court case regarding Lynn A. Darling's estate, defendant lawfully possessed the two checks issued by Darling's estate, check 156 and check 167, when they came into defendant's possession. The complaint further alleged that defendant "unlawfully embezzled" the checks by adding his name as a joint payee on check 156, by forging Hollie's signature on both checks, and by depositing both checks into his personal bank account. The complaint asserted that, after embezzling the checks, defendant concealed his receipt and negotiation of the checks by telling Elizabeth and Hollie that the administration of Darling's estate remained ongoing. The complaint alleged that defendant's actions comprised "an unlawful embezzlement and conversion" of Hollie's property.

Defendant argues that the complaint fails to state a claim for statutory conversion because the checks came into defendant's possession lawfully and because there was no allegation about what defendant did with the funds or that he put the funds to his personal use. Defendant's argument fails. Although defendant's initial possession of the checks was lawful, the allegations in the complaint indicated that defendant added his name as a joint payee to one check, forged Hollie's signature on both checks, and then negotiated the checks and deposited the funds into his personal bank account. These allegations indicate that defendant embezzled or converted the funds belonging to Hollie. Defendant did not have Hollie's consent when he negotiated the checks and placed the funds into his personal bank account. Further, by placing the money into his personal bank account, defendant was employing the converted funds for a purpose personal to his interests.

Defendant next argues that plaintiff did not prove her statutory conversion claim at trial. Defendant's argument fails.

In connection with his argument on this part of the issue, defendant asserts that neither he nor Hollie should have been allowed to testify at trial because they were not listed as witnesses by either party in the parties' stipulated joint pretrial order. However, Hollie was indeed listed as a witness for plaintiff in the joint pretrial order. Hollie only testified briefly in any event, and her limited testimony was largely duplicative of Elizabeth's testimony. And as noted earlier, although defendant was not listed as a witness, a trial court has discretion to allow an unlisted witness to testify when justice so requires, *Pastrick*, 162 Mich App at 245, and this is particularly true with respect to a witness who is a party given that the parties are generally known to each other from the outset, *Grubor Enterprises*, 201 Mich App at 628-629.

Similar to his argument regarding the pleadings, defendant contends that there was no testimony at trial that he used the converted funds for his own benefit. Defendant again overlooks the fact that MCL 600.2919a(1)(a) provides a basis for recovery when the defendant steals *or* embezzles property *or* converts property to the defendant's own use. In its opinion and order issued following the bench trial, the trial court found that defendant "converted, stole and/or otherwise embezzled" Hollie's money. The trial court's judgment also stated that defendant "converted, stole, and/or embezzled $47,743.14 belonging to [p]laintiff . . . ." The judgment later stated that the court had "found in favor of [p]laintiff with respect to . . . conversion / embezzlement pursuant to MCL 600.2919a." Defendant's appellate argument focuses only on conversion; he does not challenge or address the trial court's findings regarding defendant stealing or embezzling Hollie's money.[2] Defendant is therefore not entitled to relief on appeal because he ignores key aspects of the trial court's decision. "When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief." *Seifeddine*, 327 Mich App at 522.

When he testified at trial, defendant admitted that he did not put Hollie's inheritance funds into an appropriate law firm account but rather into his separate business account to which he and his mother had access; that business account was in the name of Kim Welch, LLC, which operated

---

[2] Nor could defendant dispute that he stole or embezzled the funds. In the stipulated joint pretrial order, defendant admitted that he took possession of two estate distribution checks payable to Hollie, that he deposited those checks into his personal bank account, and that he pleaded guilty in a criminal case for his actions in taking Hollie's money.

"a small Chinese carryout [restaurant]." Defendant had authority to write checks on that account. That account was eventually frozen and closed, and there was only a small amount of funds left in the account when it was closed. Defendant therefore employed the converted property for a purpose personal to his interests.

Defendant next presents arguments challenging the trial court's award of attorney fees to plaintiff, none of which have merit. This Court "review[s] a trial court's grant or denial of attorney fees for an abuse of discretion." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). A trial court's decision regarding whether an evidentiary hearing on attorney fees is required is also reviewed for an abuse of discretion. *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 359; 941 NW2d 685 (2019). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Reed*, 265 Mich App at 164 (citations omitted). The applicability of a legal doctrine such as collateral estoppel is reviewed de novo as a question of law. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

"Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed*, 265 Mich App at 164. The statute at issue here, MCL 600.2919a(1), provides for an award of "3 times the amount of actual damages sustained, plus costs and reasonable attorney fees."

"The party requesting attorney fees bears the burden of proving that they were incurred and that they are reasonable." *Sabbagh*, 329 Mich App at 356, citing *Reed*, 265 Mich App at 165-166. "A 'fee applicant must submit detailed billing records, which the court must examine and opposing parties may contest for reasonableness.' " *Sabbagh*, 329 Mich App at 356, quoting *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.). " 'The fee applicant bears the burden of supporting its claimed hours with evidentiary support.' " *Sabbagh*, 329 Mich App at 356, quoting *Smith*, 481 Mich at 532 (opinion by TAYLOR, C.J.).

Defendant asserts that the trial court erred by failing to hold an evidentiary hearing on attorney fees. "Generally, a trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed. However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Sabbagh*, 329 Mich App at 359 (quotation marks and citations omitted). Defendant emphasizes that the parties had stipulated that, in lieu of plaintiff's attorney, Tina S. Gray, testifying at trial, a separate hearing on attorney fees would be held. It is true that, about a month before trial, the *parties* submitted a stipulation resolving a dispute over defendant's effort to call Gray as a witness at trial and stating that Gray's anticipated testimony would be appropriate for a separate hearing on attorney fees. But defendant cites no authority establishing that a trial court is bound by such a stipulation. The trial court has discretion in deciding whether to hold an evidentiary hearing on attorney fees. *Sabbagh*, 329 Mich App at 359. Gray's detailed billing invoices were submitted to the trial court as exhibits at trial. Defendant has failed to identify any specific challenge to the reasonableness of the claimed fees that required an evidentiary hearing to resolve.

Defendant's argument is also cursory. "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment." *Seifeddine*, 327 Mich App at 519-520 (citation omitted). Defendant provides no basis to conclude that the trial court abused its discretion by deciding the attorney fee issue on the basis of the documentation submitted and the briefs that the parties filed after trial. See *Kernen v Homestead Dev Co*, 252 Mich App 689, 692; 653 NW2d 634 (2002) (holding that the "defendant's bill of costs and accompanying documentation provided the trial court with a reasonable evidentiary basis to evaluate and decide [the] defendant's motion for costs" and that "the trial court did not abuse its discretion by deciding the motion solely on the pleadings and supporting documentation submitted by the parties[]").

Defendant next argues that collateral estoppel barred plaintiff from seeking attorney fees in this case because she was awarded restitution in the criminal case against defendant. Defendant's argument fails.

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). "The doctrine bars relitigation of issues when the parties had a full and fair opportunity to litigate those issues in an earlier action." *Id*. "Collateral estoppel is a flexible rule intended to relieve parties of multiple litigation, conserve judicial resources, and encourage reliance on adjudication." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014). "Generally, application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel." *Id*.

Collateral estoppel is inapplicable. Plaintiff was not a party in the criminal case, nor was she in privity with a party in the criminal case. A crime victim is not a party in a criminal case and is not in privity with the prosecution. *People v Lee*, 314 Mich App 266, 279; 886 NW2d 185 (2016). "Privity between a party and a nonparty requires both a substantial identity of interests and a working or functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation." *Id*. at 279 n 8 (quotation marks, ellipsis, and citation omitted). A crime victim's interests are not congruous with those of the prosecution. *Id*. "[T]he prosecution's duty is to represent the public interest, not to represent the interests of an individual party." *Id*. Therefore, because plaintiff was not a party or a privy to a party in the criminal case, the same parties did not have a full and fair opportunity to litigate the issue of attorney fees in the criminal case, and collateral estoppel did not bar plaintiff from seeking attorney fees in this case.[3]

Defendant next argues that plaintiff obtained an impermissible double recovery. Defendant's argument fails.

---

[3] Moreover, the issues in the criminal case and this case are not the same because "the amount of civil damages to which one is entitled is not necessarily equivalent to the amount of loss that one has experienced for purposes of" restitution in a criminal case. *Lee*, 314 Mich App at 278.

This Court has explained:

> Generally, under Michigan law, only one recovery is allowed for an injury. To determine whether a double recovery has occurred, this Court must ascertain what injury is sought to be compensated. Thus, where a recovery is obtained for any injury identical with another in nature, time, and place, that recovery must be deducted from the plaintiff's other award. [*Grace v Grace*, 253 Mich App 357, 368-369; 655 NW2d 595 (2002) (citations omitted).]

MCL 780.766(9) provides, in relevant part, "Any amount paid to a victim or victim's estate under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim or the victim's estate in any federal or state civil proceeding . . . ." The trial court's judgment properly deducted all amounts defendant had previously paid in regard to this matter, including as restitution in the criminal case. In particular, defendant was given a credit for $53,781.08 for monies he had already paid. Defendant provides no basis to doubt that this was the amount he had paid as of the date that the judgment was entered.

Defendant says he should have received a credit for the amount of plaintiff's settlement with defendants J.P. Morgan Chase Bank, N.A., also known as J.P. Morgan Chase & Co. ("Chase Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo") (sometimes referred to collectively as "the banks").[4] Defendant makes only a cursory assertion on this point. He fails to rebut the argument made by plaintiff's counsel at trial and on appeal that the settlement amount could not be disclosed to the trial court at trial because the settlement was the result of case evaluation. See MCR 2.403(N)(4) ("In a nonjury action, the envelope may not be opened and the parties may not reveal the amount of the evaluation until the judge has rendered judgment."). Defendant did not raise the issue of such a credit again at an appropriate time below, such as after the trial court issued its opinion and order following the bench trial. Also, plaintiff sued the banks under the Uniform Commercial Code (UCC), MCL 440.1101 *et seq.*, on a different basis than the statutory conversion claim under which defendant was ultimately held liable. Defendant provides no argument regarding why the amount recovered in the settlement with the banks constituted a recovery for an injury identical in nature, time, and place with the injury for which plaintiff obtained a recovery against defendant. See *Grace*, 253 Mich App at 368-369. Overall, defendant's argument on this part of the issue has been abandoned because it is not only cursory, but also unsupported. See *Seifeddine*, 327 Mich App at 519-521.

Defendant additionally states, in cursory fashion that the trial court improperly awarded attorney fees incurred in other proceedings, apparently meaning the related probate and criminal cases. Defendant cites no pertinent authority and provides no argument in support of this assertion. His claim is thus abandoned. *Seifeddine*, 327 Mich App at 519-521. Defendant also cursorily asserts that attorney fees incurred in obtaining Hollie's guardianship could not be recovered because Hollie would have needed a guardian anyway. Defendant cites no authority and provides no real argument, thus abandoning this part of the issue as well. *Id.* MCL 600.2919a(1) provides

---

[4] According to the complaint, defendant's personal bank account was at Chase Bank, which was the "depository bank" that negotiated the checks containing Hollie's forged signatures, whereas Wells Fargo was the "payor bank" with respect to those checks.

for an award of "reasonable attorney fees" that are the result of the defendant's stealing, embezzling, or conversion of property. Defendant offers no explanation of why attorney fees incurred in related proceedings and that were necessitated by a defendant's actions would not be subject to recovery.

Defendant finally argues that the trial court erred in denying his motion for summary disposition that was premised on the existence of an accord and satisfaction. We disagree.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendant moved for summary disposition under MCR 2.116(C)(7), under which a party may seek summary disposition on the basis of, *inter alia*, payment. "When reviewing a motion under MCR 2.116(C)(7), a reviewing court must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011).

Our Supreme Court has explained an accord and satisfaction as follows:

> An accord and satisfaction is an affirmative defense grounded in contract principles. An accord is a contract and requires a meeting of the minds of those who enter into it. A satisfaction is the discharge of the debt occurring after acceptance of the accord.

> Cases in which an accord and satisfaction defense is relevant involve a good-faith dispute about an unliquidated amount owing under a contract. One party makes a tender in satisfaction of the claim (an accord). The other accepts or rejects the accord. If the second party accepts the tender, there is both an accord and a satisfaction. [*Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 70-71; 711 NW2d 340 (2006) (citations omitted).]

"[T]he affirmative defense of accord and satisfaction often involves the use of a check. A check is a negotiable instrument entered into between the maker and the payee." *Id*. at 72.

"In 1964, the Michigan Legislature enacted the Uniform Commercial Code. In 1993, the Legislature added to Article 3 of the UCC a provision governing accord and satisfaction." *Id*. In particular, MCL 440.3311, which is a provision of Article 3 of the UCC, provides, in relevant part:

> (1) If a person against whom a claim is asserted proves that (*i*) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (*ii*) the amount of the claim was unliquidated or subject to a bona fide dispute, and (*iii*) the claimant obtained payment of the instrument, the following subsections apply.

> (2) Unless subsection (3) [which is not applicable here] applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

"[B]y enacting MCL 440.3311 of the Uniform Commercial Code, the Legislature intended to preempt the common law on accord and satisfactions in the area of negotiable instruments." *Hoerstman Gen Contracting*, 474 Mich at 80. Thus, "MCL 440.3311, not the common law, applies to an accord and satisfaction involving a negotiable instrument such as a check." *Id*. at 75-76.

Defendant did not present evidence establishing an accord and satisfaction under MCL 440.3311. Defendant did not tender to plaintiff in good faith an instrument in full satisfaction of the claim. In connection with the Macomb Probate Court proceedings in which defendant was directed to repay the $47,743.14 in funds that he had taken, defendant provided a check to plaintiff in the amount of $15,000. Defendant does not argue that the check was in full satisfaction of the claim or that the check contained a conspicuous statement to that effect. Defendant relies on a December 14, 2016 handwritten note from defense counsel to plaintiff's counsel, stating: "It was our intent that you release the $15,000 tendered to you to Ms. Bastin and that it be credited toward a balance of $47,743.14 claimed. This is not to be construed as an admission of guilt or liability." This note did not contain "a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." MCL 440.3311(2). Rather, the note indicated that the $15,000 was to be credited toward a larger balance claimed. Defendant therefore has not established that he was entitled to summary disposition on the basis of the existence of an accord and satisfaction.

Affirmed. Plaintiff being the prevailing party, she may tax costs pursuant to MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto
/s/ Anica Letica

-11-